LAWRENCE v. WARDELL, Collector of Internal Revenue.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

No. 3615.

1. **Taxation ⟺16—Power of Congress to levy taxes not restricted, as in states.**

   The power of Congress in the imposition of taxes in the Philippine Islands is derived from Const. art. 4, § 3, cl. 2, authorizing it to make rules and regulations respecting the territory of the United States, and is not restricted by Const. art. 1, § 8, limiting its general power of taxation as to uniformity and apportionment.

2. **Internal revenue ⟺7—Citizen residing in Philippines liable to taxation under Revenue Act of 1918.**

   The income tax levied by Revenue Act 1916, as amended by Revenue Act 1917, in the Philippine Islands, which, under section 23 of the former act (Comp. St. § 6336v) is to be paid to the insular treasury, and which was not repealed by Revenue Act 1918, § 1400a (Comp. St. Ann. Supp. 1919, § 6371¾a), does not prevent the levy of the income tax under sections 210, 211 (sections 6336⅛e, 6336⅛ee), on every individual in lieu of the taxes levied by the acts of 1916 and 1917; the latter provision not limiting the persons taxable to those who were taxed under the preceding

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

act, especially in view of section 260 of the act of 1918 (section 6336⅛ᵧᵧ), limiting the tax on citizens of possessions, but not otherwise citizens of the United States, to the income derived from sources within the United States.

**3. Internal revenue ☞7—Saving of 1916 act in Philippines does not prevent collection of tax under act of 1918.**

The provision of Revenue Act 1918, § 1400a (Comp. St. Ann. Supp. 1919, § 6371¾a), that Revenue Act 1916, as amended by Revenue Act 1917, should remain in force for the collection of the income tax of the Philippine Islands, except as may be otherwise provided by their Legislature, does not prevent the collection of the income tax under the act of 1918 from a citizen of the United States residing in the Philippines.

**4. Internal revenue ☞7—Citizen residing in Philippines liable for difference between local income tax and tax of 1918.**

Under Revenue Act 1918, § 222a (Comp. St. Ann. Supp. 1919, § 6336⅛k), allowing credit on the income tax for taxes paid to any possession of the United States, a citizen of the United States residing in the Philippine Islands, who had paid into the treasury of the Islands there the income tax levied as local revenue under the Revenue Acts of 1916 and 1917, is liable to the United States treasury for the difference between the amounts paid under those acts and the amount of the income tax computed under Revenue Act 1918, §§ 210, 211 (sections 6336⅛e, 6336⅛ee).

In Error to the District Court of the United States for the Second Division of the Northern District of California.

Action by W. H. Lawrence against Justus S. Wardell, Collector of Internal Revenue for the First District of California. Judgment for defendant, after general demurrer to the complaint was sustained (270 Fed. 682), and plaintiff brings error. Affirmed.

In an action by plaintiff, Lawrence, to recover certain sums paid under protest to the defendant, collector of internal revenue, the District Court sustained a general demurrer to the complaint and entered judgment of dismissal. Writ of error was taken out, in order to present the question whether sections 210 and 211 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, §§ 6336⅛e, 6336⅛ee) apply to the 1918 income of a citizen of the United States residing in the Philippine Islands. The facts are these:

Plaintiff, a citizen of the United States, was a resident of the Philippine Islands in 1918, and until March, 1919. In January, 1919, in the Philippines, plaintiff paid an income tax representing the full amount of tax upon his 1918 income, computed in accordance with the Revenue Act of 1916 (39 Stat. 756), as amended by the Revenue Act of 1917 (40 Stat. 300). In March, 1919, plaintiff became a resident of California, and in July, 1919, was required by the defendant collector to pay income tax upon his 1918 income, computed in accordance with the Revenue Act of 1918, with credit for the amount paid in the Philippines. Defendant paid under protest, and his claim for refund was denied. The position of the plaintiff is that by section 1400 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6371¾a) title I of the Revenue Act of 1916, as amended by the Revenue Act of 1917, is still in force as to 1918 income of residents of the Philippine Islands; that by section 261 of the Revenue Act of 1918 (section 6336⅛z) plaintiff was required to pay in the Philippines the income tax as provided by the Revenue Act of 1916 on his whole income of 1918; that sections 210 and 211 of the Revenue Act of 1918 imposed an income tax only in lieu of the corresponding taxes of the Revenue Acts of 1916 and 1917, and are not applicable where the earlier acts stand unrepealed; that the Legislature of the Philippine Islands has not amended or modified or repealed the income tax provisions of the Revenue Acts of 1916 and 1917 as to the income of the year 1918. On the other hand, it

is contended that the act of 1916, as amended by the act of 1917, was, so far as it affected the Philippine Islands, enacted by Congress in its capacity of a local Legislature for the Philippine Islands, and that the Revenue Act of 1918 imposes a tax equally upon all citizens of the United States, without regard to the place of residence. Summarizing 'the pertinent statutes, they are as follows:

By the Revenue Act of 1916, title I, part 1, it is provided in section 1 (a)— Comp. St. § 6336a—that taxes should be levied and collected annually upon the entire net income received in the preceding calendar year by every individual, a citizen or resident of the United States. Section 23 (section 6336v) made the provisions of the title extend to Porto Rico and the Philippine Islands, provided that the administration of the law and the collection of taxes imposed in Porto Rico and the Philippine Islands should be by internal revenue officers of the government of those islands, and that all revenue collected in those islands under the act "shall accrue intact to the general governments thereof." By the Revenue Act of 1917, approved October 3, 1917 (Comp. St. 1918, § 6336aa), it is provided (section 1):

"That in addition to the normal tax imposed by the subdivision (a) of section one of the act entitled 'An act to increase the revenue, and for other purposes,' approved September 8, 1916, there shall be levied, assessed, collected, and paid a like normal tax of two per centum upon the income of every individual, a citizen or resident of the United States, received in the calendar year 1917 and every calendar year thereafter."

The provisions did not extend to the Philippines, and the local Legislature was given power to amend or repeal income taxes in force. The Revenue Act of 1918, approved February 24, 1919 (title II, part 2), provides:

"Sec. 210. That, in lieu of the taxes imposed by subdivision (a) of section 1 of the Revenue Act of 1916 and by section 1 of the Revenue Act of 1917, there shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax at the following rates. * * *" Comp. St. Ann. Supp. 1919, § 6336⅛e.

"Sec. 211. (a) That, in lieu of the taxes imposed by subdivision (b) of section 1 of the Revenue Act of 1916 and by section 2 of the Revenue Act of 1917, but in addition to the normal tax imposed by section 210 of this Act, there shall be levied, collected, and paid for each taxable year upon the net income of every individual, a surtax equal to the sum of the following. * * *" Section 6336⅛ee.

"Sec. 222. (a) That the tax computed under part II of this title shall be credited with:

"(1) In the case of a citizen of the United States, the amount of any income, war-profits and excess-profits taxes paid during the taxable year to any foreign country, upon income derived from sources therein, or to any possession of the United States: and * * *." Section 6336⅛k.

"Sec. 260. That any individual who is a citizen of any possession of the United States (but not otherwise a citizen of the United States) and who is not a resident of the United States, shall be subject to taxation under this title only as to income derived from sources within the United States, and in such case the tax shall be computed and paid in the same manner and subject to the same conditions as in the case of other persons who are taxable only as to income derived from such sources." Section 6336⅛yy.

"Sec. 261. That in Porto Rico and the Philippine Islands the income tax shall be levied, assessed, collected, and paid in accordance with the provisions of the Revenue Act of 1916 as amended.

"Returns shall be made and taxes shall be paid under Title I of such act in Porto Rico or the Philippine Islands, as the case may be, by (1) every individual who is a citizen or resident of Porto Rico or the Philippine Islands or derives income from sources therein. * * * An individual who is neither a citizen nor a resident of Porto Rico or the Philippine Islands but derives income from sources therein, shall be taxed in Porto Rico or the Philippine Islands as a non-resident alien individual. * * *" Section 6336⅛z.

The local Legislature has power to amend or repeal the income tax laws in force in the Islands.

Section 1400 (a) of the Revenue Act of 1918 provided:

"That the following parts of acts are hereby repealed, subject to the limitations provided in subdivision (b) 1: The following titles of the Revenue Act of 1916: Title I (called 'Income Tax') * * * (3) The following titles of the Revenue Act of 1917: Title I (called 'War Income Tax'); * * * Title XII (called 'Income-Tax Amendments'). * * * (b) * * * Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917 shall remain in force for the assessment and collection of the income tax of Porto Rico and the Philippine Islands, except as may be otherwise provided by their respective legislatures." Section 6371¾a.

W. H. Lawrence and Burt F. Lum, both of San Francisco, Cal., for plaintiff in error.

Frank M. Silva, U. S. Atty., and E. M. Leonard, Asst. U. S. Atty., both of San Francisco, Cal., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). By the statutes above cited Congress extended the provisions of the Revenue Law of 1916 to the Philippine Islands, and authorized the assessment and levies to be made by the administrative internal revenue officers of the Philippine government, but, instead of requiring the taxes when collected to be paid into the treasury of the general government of the United States, directed that they should accrue to the general government of the Philippine Islands. A like policy obtained and still obtains as to Porto Rico. The purpose of such legislation was to enable the governments of those islands, respectively, to have sufficient revenue to meet their needs and to receive the money through the most direct channels, and not have to await appropriation by Congress. The policy was not new. For example, in the island of Porto Rico, ever since the institution of civil government in May, 1900, customs duties collected have been turned over to the insular treasury by the collector of customs for the island, to be expended as required by law for the government and benefit of the island, "instead of being paid into the treasury of the United States." Act of Congress April 12, 1900, § 4, Supplement R. S. U. S. vol. 2, p. 1128 (U. S. Comp. St. § 3752).

[1] The power of Congress, in the imposition of taxes and providing for the collection thereof in the possessions of the United States, is not restricted by constitutional provision (section 8, article 1), which may limit its general power of taxation as to uniformity and apportionment when legislating for the mainland or United States proper, for it acts in the premises under the authority of clause 2, section 3, article 4, of the Constitution, which clothes Congress with power to make all needful rules and regulations respecting the territory or other property belonging to the United States. Binns v. United States, 194 U. S. 486, 24 Sup. Ct. 816, 48 L. Ed. 1087; Downes v. Bidwell, 182 U. S. 244, 21 Sup. Ct. 770, 45 L. Ed. 1088.

When Congress enacted the Revenue Law of October 3, 1917, by section 5 (Comp. St. 1918, § 6336vv) it saw fit to provide expressly that

the provisions of the title should *not* extend to the Philippines or Porto Rico, and the local Legislatures were given power to amend, alter, modify, or repeal the income tax laws in force in the islands, respectively. The result was that under the act of 1916 the entire net income of every individual, a citizen or resident of the United States, resident in the Philippines, became taxable thereunder, but subject to the jurisdiction of the Philippines in respect to tax matters. But Congress, acting doubtless under the after-war needs, by the Revenue Act of 1918, changed the situation and made the net income of every individual citizen of the United States taxable, no matter where he resides. In the place of the taxes imposed by the act of 1916 (subdivision [a] section 1), and by the act of 1917 (section 1) the net income of "every individual" was subject to the rate prescribed (section 210); and in place of taxes imposed by subdivision (b), section 1, of the act of 1916, and section 2 of the act of 1917 (Comp. St. 1918, § 6336aaa), but in addition to the normal tax imposed by section 210 of the act the surtaxes prescribed should be collected.

[2] The comprehensiveness of the 1918 act is as great as language could make it, for it applied to the income of every individual, changing the rates, and obviously imposing taxes at the new rates, where no tax could have been imposed prior to the 1918 act. We are unable to infer that, by using the words "in lieu of," Congress meant to tax only those incomes of individuals who had been subject to taxation under the two prior acts. It is more reasonable to hold that, where the individual was liable under the prior act of 1916, the new act of 1918 became the controlling standard. Where, by the act of 1917, he was relieved of the increased rates of that act, but had been subject to the 1916 act, he was covered by the provisions of the 1918 act, and in the event he was never before included he became liable under the very broad terms of the act of 1918. Section 260, supra, of the act of 1918, also leads to the conclusions indicated. The language there used discriminates, by making individuals who are citizens of a possession of the United States, yet not otherwise citizens of the United States, and who are not residents of the United States, subject to be taxed only as to income derived from sources within the United States. Unless such a person has income so derived, he is not subject to the act.

[3] In the repealing clauses of the act of 1918, as quoted in the statement of the case, the act of 1916, as amended by the act of 1917, in force in the Philippines, was continued in force, except as might be otherwise provided by the local Legislature. As a general statute of the United States there was clear repeal, but as to the Philippines the act of 1916 was kept alive, as direct legislation by Congress with respect to the local affairs of the island, and not as a general statute of the United States.

A citizen of the United States residing in the Philippines becomes subject to the Income Tax Law under the act of 1918. By section 261, supra, of that act, the tax shall be levied, collected, and paid in accordance with the act of 1916, as amended, returns to be made and taxes to be paid under title I of the act by "every individual who is a citizen

or resident" of the island; the local Legislature having power as already defined. The citizen of the United States residing in the island is in much the same position as is a citizen of a state, where there is a state income tax. The fact of residence in the Philippines avails him no more than would the fact of residence in a state.

[4] Section 222 of the act of 1918, in providing for credits for taxes, makes the taxes computed under part II of the title subject to a credit (1) in the case of a citizen of the United States the amount of any income taxes paid during the taxable year to any foreign country upon income derived from sources therein, "or to any possession of the United States." It is argued that a citizen of the United States, resident of the islands, is not subject to taxation under the 1918 act, because the return to the "possession" is not a return under the act of 1916, though it is a return under a local act. Section 222 allows to one residing in the Philippines a credit upon the tax computed under part II of the 1918 act, but there is nothing to indicate that there is exemption to the citizen residing in the islands. He may have paid to the island treasury such amounts as are due, but still be liable to the United States for a sum in excess of that paid in the islands.

The regulations of the Treasury Department (regulation 45, articles 1131, 1132) have been framed upon the construction which we have adopted; and, as credit appears to have been given to plaintiff for the amount of taxes which he had already paid in the Philippines, we think he cannot complain of the judgment rendered against him.

The judgment is affirmed.