Oscar F. Campbell v. Commissioner.
Campbell v. Commissioner
Docket No. 106283.
United States Tax Court
1942 Tax Ct. Memo LEXIS 97; 1 T.C.M. (CCH) 47; T.C.M. (RIA) 42587; November 6, 1942
*97 Clark J. Milliron, Esq., 518 Fidelity Bldg., Los Angeles, Calif., for the petitioner. Harry I. Horrow, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined an income tax deficiency of $3,928.74 for 1918; $3,286.94 for 1919; and $1,905.04 for 1920. Petitioner, a United States citizen resident in the Philippine Islands during the taxable years, contends (1) that he is not taxable under the Revenue Act of 1918, and that the Commissioner has no authority to determine, assess or collect an income tax from him; and, in the alternative, (2) that assessment is barred by the statute of limitations; (3) that the income was community property, taxable half to him and half to his wife. The facts are stipulated. Findings of Fact Petitioner is a resident of Palo, Alto, California. He and his wife were married on January 2, 1901, at Manila, Philippine Islands, where they thereafter resided together and were residing in 1918, 1919, and 1920. Both are United States citizens and prior to marriage both were residents of California. Petitioner engaged in business in the Philippine Islands as a building superintendent, contractor and appraiser. His *98 net income was $28,812.46 in 1918; $32,326.79 in 1919; and $25,778.56 in 1920. All was derived from personal services rendered by him, with the exception of a small amount received from property in which his earnings were invested. On or before March 1st of the succeeding year he filed an income tax return for 1918, 1919, and 1920, with the Philippine Collector of Internal Revenue at Manila and paid the tax shown due thereon as follows (converted into dollars): 1918, $584.38; 1919, $1,022.22; 1920, $1,026.88. The return form for 1918 was prepared "(As provided by Act of Congress approved September 8, 1916.)"; that for 1919 "(As provided by Act No. 2833.)"; that for 1920 "(As provided by Acts 2833 and 2926.)". Prior to the Act of 1916, the forms filed in the Philippines were: "(As provided by Act of Congress, approved October 3, 1913.)". Petitioner's wife had no separate income and filed no income tax returns for those years with the Collector at Manila. On March 29, 1939, petitioner and his wife filed separate income tax returns for 1918, 1919 and 1920 on Form 1040 with the Collector at Baltimore, Maryland, and each reported one-half of the income. There were attached to these returns *99 statements showing all of the items of income, deductions, and other data contained in petitioner's Philippine returns. The Commission recomputed petitioners' taxable income for 1918, 1919 and 1920 by including in income the one-half reported by the wife. Opinion STERNHAGEN, J.: This proceeding was submitted by the same attorneys as Edward J. Nell, Docket No. 107448. Except for the fact that the tax years in question are different, the points and arguments are essentially the same and must be similarly decided. The petitioner was, for the tax years 1918, 1919, and 1920, subject to tax under the Revenue Act of 1918, Lawrence v. Wardell, 273 Fed. 405. The Commissioner had authority to determine a deficiency under the statute. The filing by the petitioner of Philippine returns with the Philippine Collector did not start the period of the statute of limitations: that period began with the filing of the returns in 1939 with the Collector at Baltimore, and the Commissioner's determination of deficiency was not after the expiration of that period. The petitioner, being in the taxable years domiciled in the Philippines, was entitled to have only one-half *100 of the income of the conjugal partnership taxed to him as his income, Commissioner v. Cadwallader, 127 Fed. (2d) 547. Decision will be entered under Rule 50.