**Y. G. HOLBROOK, Plaintiff,**

v.

**Richard TAITANO, Harry L. Mangerich, and G. Ricardo Salas, Defendants.**

Civ. No. 57–54.

District Court of Guam.

Oct. 22, 1954.

E. R. Crain, Finton J. Phelan, Jr., Agana, Guam, for plaintiff.

Howard D. Porter, Atty. Gen., Louis A. Otto, Jr., Deputy Atty. Gen., Leon D. Flores, Island Atty., Richard Rosenberry, Deputy Island Atty., Agana, Guam, for defendants.

SHRIVER, District Judge.

The plaintiff complains of certain tax officials employed by the Government of Guam and alleges that such officials, without statutory authority, are attempting to enforce the income tax laws of the United States by demanding that the plaintiff file income tax returns for the years 1951, 1952 and 1953 on forms used for such purposes by the United States and rubber stamped "Government of Guam;" that the defendants have investigated the plaintiff's financial transactions, alleged to be under the authority of certain sections of the Internal Revenue Code of the United States, 26 U.S. C.A.; that the defendant officials have no specific statutory authority either from the Congress of the United States or the Guam Legislature; that the plaintiff has made tax returns to the United States for the years in question, but the Government of Guam has made a determination of tax liability in the amount of $306,763.56.

In the second count of the complaint the plaintiff incorporates the above by reference and alleges on information and belief that if he paid the tax he would be unable to recover it from the Government of Guam; that the statutory authority alleged by the defendants to exist is "so vague and ambiguous as to violate the mandate of the United States Constitution requiring certainty and definiteness in the imposition, collection and administration of a tax," and that any delegation of power by the Congress is void and unconstitutional.

The plaintiff demands that the defendants be enjoined from proceeding; that a three-judge court be convened; and that a declaratory judgment be entered that the defendants have no authority with reference to income tax laws of the United States.

The defendants have moved to dismiss the complaint because no claim is stated; to dismiss because of lack of jurisdiction; to enter a summary judgment upon the ground that the defendants are entitled to summary judgment as a matter of law.

In effect what the plaintiff alleges is that he failed or refused to make income tax returns to the Government of Guam for the taxable years 1951, 1952 and 1953, but that he did make returns to the United States. He does not allege what amounts he returned or paid to the United States. His contention is that the tax officials of the Government of Guam are without statutory authority in the premises and that they may not, therefore, resort to those enforcement remedies embodied in the Internal Revenue Code of the United States; that any claimed authority to the contrary violates the Constitution of the United States and the Organic Act of Guam, 48 U.S.C.A. § 1421 et seq., and that, therefore, this question must be passed upon by a three-judge court.

Except for the constitutional questions, the other questions have been raised and passed upon by this court. The history of the legislative provision was discussed in Laguana v. Ansell, D.C., 102 F.Supp. 919, affirmed 9 Cir., 212 F.2d 207, certiorari denied 75 S.Ct. 51. The holding in the Laguana case was that the effect of Section 31 of the Organic Act of Guam, 48 U.S.C.A. § 1421i, making the income tax laws in force in the United States of America, present and future, likewise in force in Guam was to create a territorial tax to be collected by the proper officials of the Government of Guam. In Wilson v. Kennedy, D.C.1954, 123 F.Supp. 156, filed August 31, 1954, this court held that the applicable provisions of the United States Revenue Code to enforce the payment of the territorial income tax are "income tax laws" within the meaning of Section 31 and are available to the Director of Finance or those authorized by him, subject to those non-substantive changes in nomenclature as are necessary to avoid confusion as to the taxing jurisdiction involved, and in Government of Guam v. Kaanehe, D.C.1954, 124 F.Supp. 15, this court refused to convict a defendant charged with grand theft in the nature of embezzlement under the Penal Code of Guam for failure to pay over withheld income taxes, holding that in so far as the criminal aspects of the income tax laws of the United States are concerned, there are both laws and precedents; and this court would not go outside those laws and precedents in the absence of proper legislative direction.

As was pointed out in the Laguana case, supra, it has been the practice of the United States Congress when it levied income taxes in the possessions and unincorporated territories to have such taxes paid into the local treasuries. The former provision affecting the Virgin Islands, from which Section 31 was taken, was in effect for over 30 years until changed by the revision of the Organic Act of the Virgin Islands of the United States,[1] 68 Stat. 497, approved July 22, 1954, 48 U.S.C.A. § 1541 et seq. It will be noted that under Section 28(a) of that Act inhabitants of the Virgin Islands, as there defined, shall satisfy their income tax obligations under applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands.

1. 68 Stat. 497, Sec. 28. (a) "The proceeds of customs duties, the proceeds of the United States income tax, the proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands, and the proceeds of all quarantine, passport, immigration, and naturalization fees collected in the Virgin Islands, less the cost of collecting all of said duties, taxes, and fees, shall be covered into the treasury of the Virgin Islands, and shall be available for expenditure as the Legislature of the Virgin Islands may provide: *Provided*, That the term 'Inhabitants of the Virgin Islands' as used in this section shall include all persons whose permanent residence is in the Virgin Islands, and such persons shall satisfy their income tax obligations under applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands: *Provided further*, That nothing in this Act shall be construed to apply to any tax specified in section 3811 of the Internal Revenue Code."

If, as this court held in Wilson v. Kennedy, the applicable provisions of the United States Revenue Code to enforce the payment of the territorial income tax are available to these defendants, the question necessarily arises as to whether this court has any jurisdiction under the allegations of the complaint. It is not contended by the plaintiff that these defendants have done or are doing anything not authorized by the Internal Revenue Code of the United States, nor is it questioned that they rely upon such Code for their authority to enforce the income tax created by Section 31 of the Organic Act of Guam rather than upon any legislation adopted by the Guam Legislature. This is not the type of case considered by the court in Sanders v. Andrews, D.C., 121 F.Supp. 584, where the court enjoined the enforcement of jeopardy assessments because such assessments were arbitrary and capricious under the circumstances of that case. There the court held that the taxpayer had done everything he could reasonably be expected to do to fulfill his tax obligation. In the instant case the taxpayer plaintiff has failed or refused to recognize any authority on the part of the Government of Guam to collect the tax imposed by Section 31.

 We are dealing with a tax imposed by the United States Congress and the District Court of Guam is a court created by that Congress. Both Section 7421 of the 1954 Internal Revenue Code, 26 U.S.C.A., and Section 3653 of Title 26 of the 1939 Code, with certain exceptions, prohibit any court from maintaining a suit for the purpose of restraining the assessment or collection of any tax. The aggrieved taxpayer is left to his administrative remedies unless equity requires court intervention to prevent arbitrary and capricious action. The Government of Guam must obtain revenue to operate. In establishing it, the United States Congress in the Organic Act of Guam provided how that revenue, in part, should be obtained. This court has no jurisdiction to intervene when the taxpayer plaintiff is in open defiance of the

Government of Guam as regards its authority to require him to pay income taxes on income earned in Guam.

There remains the question of a three-judge court to pass upon the alleged unconstitutionality of Section 31 as applied to Guam. This court does not pass upon the question as to whether Sections 2281 to 2284, inclusive, of Title 28, U.S.C. are applicable to the District Court of Guam, Porto Rico Ry., Light & Power Co. v. Colom, 1 Cir., 106 F.2d 345; International Longshoremen's & Warehousemen's Union v. Ackerman, D.C., 82 F.Supp. 65; Ackerman v. International Longshoremen's & Warehousemen's Union, 9 Cir., 187 F.2d 860; Wells v. United States, 5 Cir., 214 F.2d 380.

In Haymes v. Landon, D.C., 115 F. Supp. 506, 508, the court stated in part:

"In Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp. 179, 185, the substance of a great body of Supreme Court comments re three-judge courts is epitomized:

" 'The Supreme Court has said, however, that (1) the three judge procedure is an extraordinary one, imposing a heavy burden on federal courts, with attendant expense and delay; a procedure, designed for a specific class of cases, sharply defined, which should not be lightly extended; (2) the limitations of the statute would be defeated were it enough to keep three judges assembled that a plaintiff could resort to a mere form of words in his complaint, with no support therefor in fact or law' ".

 Certainly, even assuming jurisdiction, the clearest possible showing would be indicated to justify the convening of a three-judge court at a point thousands of miles away from the nearest United States district judges or United States circuit judges. No such showing exists here. A similar statute to that in question has been applicable in the Virgin Islands for over 30 years until changed as noted, supra. It is in line with the traditional policy of the United States as regards territorial in-

come taxes. Its mandate has been interpreted by the United States Treasury Department as early as 1935 as establishing a territorial tax, which is the duplicate of the United States system, Laguana v. Ansell, supra. In the Laguana case both this court and the Circuit Court of Appeals had jurisdiction over the United States and a tax official of the Government of Guam, as intervenor defendant and defendant, respectively. The tax became effective January 1, 1951 and has been collected from others in accordance with procedures under attack here. The plaintiff can hardly expect any court to assume that he cannot recover unauthorized payments until there are payments to be recovered.

This court holds that no substantial question is raised as to the constitutionality of the statute attacked and that a three-judge court would be without jurisdiction to consider the question of injunction under the allegations made in plaintiff's complaint, Harvey v. Early, 4 Cir., 160 F.2d 836, 837 and cases therein cited.

The complaint is dismissed for lack of jurisdiction.