**GOVERNMENT OF GUAM,**
**Appellant,**

v.

**James K. KAANEHE, Respondent.**

**Cr. No. 6–A.**

District Court of Guam
Appellate Division.

Jan. 23, 1956.

Howard D. Porter, Atty. Gen., Louis A. Otto, Jr., Deputy Atty. Gen., Leon D.

7. Lubbock Hotel Co. v. Guaranty Bank & Trust Co., supra.

8. Com. of Pennsylvania v. Williams, supra; Walgreen Co. v. Taylor, supra.

**190**

Flores, Island Atty., Thad Tisdale, Deputy Island Atty., Agana, Guam, for the Government of Guam.

Palting & Arriola, Agana, Guam, for respondent.

Before WIIG, McLAUGHLIN and SHRIVER, District Judges.

McLAUGHLIN, District Judge.

The defendant is a resident of Guam. He was charged with failure to file an income tax return for 1953. This was alleged to be in violation of Sec. 145(a), Internal Revenue Code of 1939, 53 Stat. 62, 26 U.S.C. § 145(a) (1945 Edition),[1] made applicable to Guam by Sec. 31 of the Organic Act of Guam, 64 Stat. 392, 48 U.S.C.A. § 1421i.[2] The action was brought before the Island Court of Guam. The charge was dismissed for lack of jurisdiction.

The questioned soundness of this conclusion describes the issue upon this appeal. We hold the alleged violation to be of Guamanian law and to be of the type committed to the jurisdiction of the Island Court.

■ Congress has the power to directly legislate local law for a territory. National Bank v. County of Yankton, 1879, 101 U.S. 129, 25 L.Ed. 1046. A statute of this character is to be distinguished from a law of general application throughout the United States. American Security & Trust Co. v. Commissioners of District of Columbia, 1912, 224 U.S. 491, 32 S.Ct. 553, 56 L.Ed. 856; Ex parte Krause, D.C.W.D.Wash.1915, 228 F. 547.

■■ An entire code of laws, including criminal provisions, may be adopted by reference. In so doing, it is not necessary to repeat the adopted code. Engel v. Davenport, 1926, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Ex parte Krause, supra; United States v. Davis, D.C.D.C. 1947, 71 F.Supp. 749. If the reference is clear, the adopted code is to be applied in toto, unless there is an indication to the contrary in the language of the enactment. Here, there is nothing in either the statute or its legislative history to suggest that Congress wished to adopt only part of the income tax laws of the United States for Guam. U.S.Code, Congressional Service, 81st Congress, Second Session 1950, Vol. 2, p. 2856. Any other conclusion would arbitrarily destroy the effectiveness of Sec. 31.

■ Section 31 of the Organic Act of Guam made the Internal Revenue Code of the United States a territorial tax law of Guam, to be enforced by Guamanian officials. Laguana v. Ansell, D.C.Guam 1952, 102 F.Supp. 919, affirmed per curiam, 9 Cir., 1954, 212 F.2d 207, certiorari denied, 1954, 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654; accord, Binns v. United States, 1904, 194 U.S. 486, 492, 24 S.Ct. 816, 48 L.Ed. 1087.[3] Violations of Guamanian law are to be, indeed can only be, prosecuted in the appropriate courts of the Territory. United States v. Pridgeon, 1894, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; Ex parte Krause, supra; United States v. Wright, D.C.D.Haw. 1954, 15 F.R.D. 184.

Respondent cites Government of Guam v. Kaanehe, D.C.Guam 1954, 124 F.Supp.

---

1. "Failure to file returns, submit information, or pay tax. Any person * * * upon conviction thereof, [shall] be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

2. "Applicability of Federal income tax laws. The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."

3. Public Law 321 of the 84th Congress, 69 Stat. 616, 617, amending Section 3401 (a) of the Internal Revenue Code of 1954, 68A Stat. 455, 456, 26 U.S.C.A. § 3401(a), by providing against double withholding of taxes by both the Federal and local governments in possessions of the United States, also embodies this view of Section 31 of the Organic Act of Guam. The amendment specifically prevents double withholding if " * * * the employer is required by the law of any * * * possession of the United States to withhold income tax * * *." See U.S.Code, Congressional and Administrative News, 84th Congress, 1st Session, 1955, p. 2850.

15 as contrary authority. It is not. All the court held there was that a violation of the income tax laws must be punished exclusively as provided in those laws, and not by reference to other criminal statutes. The question of whether the United States or the Government of Guam should enforce the tax provisions was neither involved nor decided.

■■ The Island Court of Guam has jurisdiction of a misdemeanor defined by territorial law. Code of Civil Procedure of Guam, § 82, subd. 1.[4] We see no conflict with § 82, subd. 4.[5] It refers to civil cases, not criminal cases. Section 82, subd. 4 was adopted practically verbatim from Sec. 89, subd. 1(a) of the California Code of Civil Procedure,[6] which pertains to the civil jurisdiction of California municipal courts.

The Organic Act of Guam needs no local implementation nor publication to make it effective, other than as provided by 64 Stat. 693, 48 U.S.C.A. § 1421 note.[7]

Reversed and remanded.

---

4. "§ 82. *Original jurisdiction.* The Island Court shall have original jurisdiction exclusive of the District Court:
   "1. In all criminal cases not amounting to felonies, arising under the laws of Guam and in all cases of felonies under the laws of Guam, which, if tried in the District Court, would not be fully appealable to the United States Court of Appeals for the Ninth Circuit by the defendant if convicted; * * *."

5. "§ 82. *Original jurisdiction.* The Island Court shall have original jurisdiction exclusive of the District Court:
   * * * * * *
   "4. In all cases at law under the laws of Guam in which the demand, exclusive of interest and costs, or the value of the property in controversy does not amount to more than $2,000, except cases which involve the legality of any tax, impost, assessment, toll or fine; * * *."

6. "§ 89. [Original, concurrent and equitable jurisdiction.] 1. Municipal courts shall have original jurisdiction of civil cases and proceedings as follows:
   "(a) In all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three thousand dollars ($3,000) or less, except cases which involve the legality of any tax, impost, assessment, toll or municipal fine."

   The various codes of law of the Territory of Guam are based primarily upon the codes of law of California. See Forward, Civil, Civil Procedure, Penal and Probate Codes of Guam.

7. "Section 34 of Act Aug. 1, 1950, provided that: 'Upon the 21st day of July, 1950, the anniversary of the liberation of the island of Guam by the Armed Forces of the United States in World War II, the authority and powers conferred by this Act [this chapter] shall come into force. However, the President is authorized, for a period not to exceed one year from the date of enactment of this Act, Aug. 1, 1950, to continue the administration of Guam in all or in some respects as provided by law, Executive order, or local regulation in force on the date of enactment of this Act, Aug. 1, 1950. The President may, in his discretion, place in operation all or some of the provisions of this Act [this chapter] if practicable before the expiration of the period of one year.'"