**PACIFIC WHOLESALERS, Inc., a corporation, Plaintiff,**

v.

**Harry L. MANGERICH, Defendant.**

**Civ. No. 50-55.**

District Court of Guam.

Feb. 6, 1957.

Turner & Stevens, Agana, Guam, for plaintiff.

Louis A. Otto, Jr., Atty. Gen., Leon D. Flores, Island Atty., Cristobal C. Duenas Deputy Island Atty., Agana, Guam, for defendant.

SHRIVER, District Judge.

This is a motion for summary judgment filed by the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The parties are

in agreement that only a question of law is involved. The facts are simple. The plaintiff is a Guam corporation. The defendant was the Commissioner of Revenue and Taxation for the Government of Guam at all pertinent times. The plaintiff operated at a loss during the calendar year 1950 and attempted to carry forward such loss for income tax purposes in returns for subsequent years. The defendant refused to recognize such deductions for losses during 1950 upon the ground that 1950 was not a "taxable year". The plaintiff paid the disputed tax, penalties and interest, and brought action for their recovery in the amount of $13,804.51.

The parties have filed excellent briefs but they were in agreement at the time of oral argument on the motion for summary judgment that the sole issue is as to whether the calendar year 1950 was a taxable year within the meaning of the income tax laws, regardless of the fact that the Guam income tax did not become effective until January 1, 1951. This is a case of first instance. As part of the Organic Act of Guam the United States Congress enacted Section 31, 64 Stat. 392, 48 U.S.C.A. § 1421i, which provided that

> "The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."

Sec. 31 became effective as of January 1, 1951 by provision of Ex.Order No. 10211, Feb. 6, 1951, 16 F.R. 1167, 48 U.S.C.A. § 1421i note. The effect of Sec. 31 was to create a territorial tax, measured by the Federal tax, to be paid by the taxpayer to the appropriate Guam officials.[1]

It is true, as the plaintiff points out, that the Congress has long recognized the economic facts of business life by allowing losses during one year to be offset against profits in a subsequent year or years in an attempt to level out the peaks and valleys of business operation. But we are dealing here with a new tax, imposed by the Congress to enable the Government of Guam to become self-supporting. No taxes were assessed for the calendar year 1950 under this law. Profits were free of the territorial tax. Losses, from an overall standpoint, could not be offset in terms of government revenue, by profits made by other taxpayers.

[1] In order to be entitled to deductions for losses for the calendar year 1950, the plaintiff must bring itself within the statute authorizing the deductions. It is unnecessary to burden this opinion with elaborate citations. Deductions are a matter of legislative grace. When the Congress has allowed deductions for losses of the type involved here, consistent reference has been made to such losses as were incurred during a taxable year.[2]

In Muhleman v. Hoey, 2 Cir., 124 F.2d 414, 415, the court defined "taxable year" as follows:

> "That expression denotes the yearly period for which a return of income is required and whatever is to be reported as a part of the gross income of the taxpayer in any particular return is that for the 'taxable year' for which the tax is to be assessed on the income which has, or should have been, returned."

In Helvering v. Morgan's, Inc., 293 U.S. 121, at pages 126 and 127, 55 S.Ct. 60, at page 62, 79 L.Ed. 232, the court stated in part:

> "The revenue acts since the Sixteenth Amendment have consistently assessed income taxes on the basis of annual accounting periods, either the calendar year or the different fiscal year which the taxpayer may adopt. From the beginning

---

1. Laguana v. Ansell, D.C., 102 F.Supp. 919, affirmed, 9 Cir., 212 F.2d 207, certiorari denied 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654; Wilson v. Kennedy, D.C., 123 F.Supp. 156; Id., 9 Cir., 232 F.2d 153; Holbrook v. Taitano, D.C., 125 F. Supp. 14; Phelan v. Taitano, 9 Cir., 233 F.2d 117.

2. Mertons Law of Federal Income Taxation Vol. 5, Section 28.02.

these periods have been known as taxable years and the provisions of the taxing statutes have been drafted and enacted with primary reference to such normal accounting periods."

█ It is concluded that the plaintiff may not deduct for corporate losses suffered during the calendar year 1950 for the reason that such year was not a taxable year within the meaning of the income tax laws of the United States of America which, by reference, became the income tax laws of Guam as of January 1, 1951.

The defendant's motion for summary judgment is granted, the form of such judgment to be settled with plaintiff within 10 days.