GEORGE H. T. DUDLEY, Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent

No. 12414

United States Court of Appeals

Third Circuit

Argued May 5, 1958

Decided July 25, 1958

*See, also, 258 F.2d 182*

GEORGE H. T. DUDLEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for petitioner*

I. HENRY KUTZ, Washington, D. C. (CHARLES K. RICE, Asst. Atty. Gen., LEE A. JACKSON, CHARLES B. E. FREEMAN, Attorneys, Department of Justice, Washington, D. C., on the brief), *for respondent*

Before MARIS, GOODRICH and McLAUGHLIN, *Circuit Judges*

MARIS, *Circuit Judge*

This is a petition to review an order of the Tax Court of the United States dismissing a petition for dedetermination of income tax liability for the year 1955. The petitioner and his wife had received a letter dated October 26, 1956, from the Head of the Tax Division of the Department of Finance of the Government of the Virgin

Islands of the United States which stated that $6,567.31 was due on their income tax for the year 1955. They had also received a letter dated February 15, 1957, likewise from the Head of the Tax Division of the Department of Finance of the Government of the Virgin Islands, which asserted an income tax deficiency and stated that the "District Court is apparently the Court of jurisdiction in the case of an appeal from the decision of this office" and "Unless a petition is filed with the Court for review or redetermination of the proposed deficiency, within 90 days of today's date," the proposed deficiency would be assessed.

On May 1, 1957, the petitioner filed in the Tax Court of the United States a petition "for redetermination of deficiency claimed by the Commissioner of Internal Revenue in notices of deficiency dated October 26, 1956 and February 15, 1957, attached hereto, exhibits 1 and 2 [the above-described letters], as basis for this proceeding". The taxpayer also alleged that his "income tax return for the year 1955 was filed with the office of the Tax Division of the Department of Finance, Government of the Virgin Islands". The Commissioner of Internal Revenue filed a motion to dismiss on the ground that the Tax Court had not acquired jurisdiction because no statutory notice of deficiency, as authorized by section 6212(a), Internal Revenue Code of 1954, 26 U.S.C. § 6212(a), had been issued by the Secretary of the Treasury of the United States or his delegate. The Tax Court decided that no appropriate notice of deficiency had been shown to have been given to the petitioner and that it, therefore, did not have jurisdiction to entertain the petition. Accordingly, it dismissed the proceedings. 3 V.I. 471, 28 T.C. 992.

■ The Tax Court is a judicial agency of the United States with limited statutory jurisdiction. Section 7442, Internal Revenue Code of 1954, 26 U.S.C. § 7442; Stern

v. Commissioner of Internal Revenue, 3 Cir., 1954, 215 F.2d 701. In the case of a deficiency in income tax the Tax Court acquires jurisdiction to redetermine the deficiency only after a notice of deficiency, as authorized by section 6212(a) of the Internal Revenue Code of 1954, is mailed to a taxpayer who thereafter files a petition for redetermination within the appropriate time. Section 6213(a), Internal Revenue Code of 1954, 26 U.S.C. § 6213(a).

Only the Secretary of the Treasury of the United States or his delegate is authorized to mail a notice of deficiency. Section 6212(a), Internal Revenue Code of 1954. The Secretary of the Treasury delegated general authority over the functions of the Internal Revenue Service to the Commissioner of Internal Revenue. Treasury Department Order No. 150-2, May 15, 1952, 17 F.R. 4590, as made effective under the Internal Revenue Code of 1954 by Treasury Department Order 150-36, August 17, 1954, 1954-2 C.B. 733. In addition, the Secretary has stated in T.D. 6118, 1955-1 C.B. 698, 718-719:

"In any case in which a function is vested by the Internal Revenue Code of 1954 in the Secretary or his delegate, and Treasury regulations or Treasury decisions (including this Treasury decision) provide that such function may be performed by a District Director of Internal Revenue, a Regional Commissioner of Internal Revenue, an Assistant Commissioner of Internal Revenue, or by a designated officer or employee in the office of a District Director, Regional Commissioner or Assistant Commissioner —

"(a) Such provision in the regulations or a Treasury Decision shall constitute a delegation by the Secretary to the Commissioner of the authority to perform such function and a redelegation thereof by the Commissioner to the designated officer or employee, . . . ."

Section 301.6212-1 of the Treasury Regulations authorize a district director or an assistant regional commissioner, appellate, to notify a taxpayer of a deficiency by registered mail.

■ We agree with the Tax Court that the alleged deficiency notice which formed the basis for invoking its jurisdiction here was not issued by the Secretary of the Treasury of the United States or his delegate. Indeed, the letters of October 26, 1956, and February 15, 1957, attached to taxpayer's petition for redetermination and which he states constitute the "basis for this proceeding" were not signed or issued by any officer of the United States. On the contrary, they show on their face that they were sent by an officer of the Government of the Virgin Islands, to wit, Reuben B. Wheatley, Head of the Tax Division of the Department of Finance of the territorial government.

Furthermore, the taxpayer alleges in his petition for redetermination that the income tax return for the year in dispute was filed with the Tax Division of the Department of Finance, Government of the Virgin Islands. He nowhere asserts that the tax was returned to the Government of the United States. Accordingly it is clear from the face of the petition and the alleged deficiency letters annexed thereto, that the deficiency here sought to be redetermined was not claimed by the Commissioner of Internal Revenue or by any officer of the United States. The Tax Court was, therefore, correct in ruling that the alleged notice of deficiency was not issued by the Secretary of the Treasury or his delegate. Since, as we have seen, the jurisdiction of the Tax Court is limited to redetermining deficiency determinations made by officers of the United States, namely, the Secretary or his delegate, with respect to certain specified taxes, the Court did not err in holding that it did not have jurisdiction in this case.

■ ■ Moreover, we are satisfied that the tax here in dispute is actually not a tax of the United States but a territorial income tax and for this additional reason the Tax Court had no jurisdiction in the premises.

The territorial official who caused the notice of deficiency to be issued under the authority of the Government of the Virgin Islands upon which taxpayer bases his petition here was undoubtedly enforcing the following provision with respect to the Virgin Islands income tax contained in the Naval Appropriation Act of July 12, 1921:[1]

". . . the income-tax laws now in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands."

The Virgin Islands Code, effective September 1, 1957 (prec. 1 V.I.C.), evidences that the quoted provision of the Naval Appropriations Act of July 12, 1921, continues in effect as the basis of the Virgin Islands income tax law. Thus 33 V.I.C. § 1931(15) provides:

" 'Virgin Islands income tax law' means so much of the United States Internal Revenue Code as was made applicable in the Virgin Islands by the Act of Congress entitled 'An Act making appropriations for the naval service for the fiscal year ending June 30, 1922, and for other purposes', approved July 12, 1921 (48 U.S.C. § 1397)."

Indeed, under section 28(a) of the Revised Organic Act of the Virgin Islands,[2] inhabitants of the Virgin Islands presently are required to pay their tax on income from

---

[1] 42 Stat. 123, 48 U.S.C. § 1397.

[2] "Sec. 28(a). The proceeds of customs duties, the proceeds of the United States income tax, the proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands, and the proceeds of all quarantine, passport, immigration, and naturalization fees collected in the Virgin Islands, less the cost of collecting all of said duties, taxes, and fees, shall be covered into the treasury of the Virgin Islands, and shall be available for expenditure as the Legislature of the Virgin Islands may provide: Provided, That the term 'inhabitants of the Virgin Islands' as used in this section shall include all persons whose permanent residence is in the Virgin Islands, and such persons shall satisfy their income tax obligations under applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands: Provided further That nothing in this Act . . . shall be construed to apply to any tax specified in section 3811 of the Internal Revenue Code." [Revised Organic Act of the Virgin Islands, 1954, § 28(a), prec. 1 V.I.C.] 48 U.S.C. § 1642.

690

all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands.

■ The tax thus imposed by the Naval Appropriation Act was explained in Congress as providing for local imposition upon the inhabitants of the Virgin Islands of a territorial income tax, payable directly into the Virgin Islands treasury, to assist the Islands in becoming self-supporting.[3] The enactment was recommended as following the precedent of earlier legislation applying to Puerto Rico and the Philippines.[4] That purpose has been consistently implemented by both the federal and territorial taxing authorities, who have recognized that Congress created a local, locally collectible income tax and that the United States and the Virgin Islands are distinct taxing jurisdictions although their income tax laws arise from an identical statute applicable to each. Internal Revenue rulings, the first of which was issued over twenty years ago, have taken this view. I.T. 2946, XIV-2 C.B. 109 (1935); I.T. 3690, 1944 C.B. 164. The correctness of this official interpretation and practice appears never heretofore to have been questioned, and the income tax has been administered in the Virgin Islands in accordance with this construction for over a generation. Such a settled adminis-

[3] 61 Cong. Record, Part 2, p. 1724; 61 Cong. Record, Part 3, p. 3173.

[4] See section 3176, subd. M, of the Income Tax Act of 1913, 38 Stat. 180; section 23 of the Revenue Act of 1916, 39 Stat. 776. During the period section 261 of the Revenue Act of 1918, 40 Stat. 1087-1088, was in force, Congressionally imposed separate income tax systems for those possessions, on the one hand, governed by the provisions and rates of the Revenue Act of 1916, and for the United States, on the other hand, governed by the 1918 Act, were in effect. Lawrence v. Wardell, 9 Cir., 1921, 273 Fed. 405; Robinette v. Commissioner, 6 Cir., 1943, 139 F.2d 285, certiorari denied 322 U.S. 745, 64 S. Ct. 1155, 88 L. Ed. 1577; Helvering v. Campbell, 4 Cir., 1944, 139 F.2d 865. Just as here, Congress was there acting as a local legislature for the territory. Lawrence v. Wardell, 9 Cir., 1921, 273 Fed. 405, 408-409. By section 5 of the Revenue Act of 1917, 40 Stat. 302, and section 261 of the Revenue Act of 1918, supra, Congress empowered the legislatures of Puerto Rico and the Philippines to amend or repeal the Congressionally imposed local income taxes, powers which both insular legislatures exercised in 1919.

trative construction applied in a multitude of cases over an extended period is entitled to great weight.[5]

It is interesting to note that a similar construction has been adopted for the cognate language of sections 30 and 31 of the Organic Act of Guam,[6] which was enacted in 1950. The Treasury has consistently construed section 31 as creating a separate territorial income tax system administered by the local officers of Guam,[7] and this construction has repeatedly received judicial approval.[8]

Moreover, Congress itself has afforded recent evidence of its understanding and purpose that the Virgin Islands income tax is not to be administered by the Internal Revenue Service or other officers of the United States. Thus when Congress decided to extend to the Virgin Islands certain of the social security benefits and for that purpose to impose the taxes comprehended under the Federal Insurance Contributions Act, being subchapter A of Chapter 9 of the Internal Revenue Code of 1939, sections 1400-1432, and the Self-Employment Contributions Act, being subchapter E of chapter 1 of the Internal Revenue Code of 1939, sections 480-482, it added by section 208(b) of the Social Security Act Amendments of 1950 a new section 3811 to the Internal Revenue Code of 1939, as follows:

[5]Brewster v. Gage, 1930, 280 U.S. 327, 336, 50 S. Ct. 115, 74 L. Ed. 457; Fawcus Machine Co. v. United States, 1931, 282 U.S. 375, 378 ,51 S. Ct. 144, 75 L. Ed. 397; Dismuke v. United States, 1936, 297 U.S. 167, 174, 56 S. Ct. 400, 80 L. Ed. 561; United States v. American Trucking Ass'ns, 1940, 310 U.S. 534, 549, 60 S. Ct. 1059, 84 L. Ed. 1345; Roland Electric Co. v. Walling, 1946, 326 U.S. 657, 676, 66 S. Ct. 413, 90 L. Ed. 383; Corn Products Refining Co. v. Commissioner, 1955, 350 U.S. 46, 52-53, 76 S. Ct. 20, 100 L. Ed. 29.

[6]64 Stat. 392, 48 U.S.C. §§ 1421h, 1421i.

[7]I.T. 4046, 1951-1 C.B. 57; Rev. Rul. 8, 1953-1 C.B. 300, 301; Rev. Rul. 56, 1953-1 C.B. 303; Rev. Rul. 55-184, 1955-1 CB. 500.

[8]Laguana v. Ansell, D.C. Guam 1952, 102 F. Supp. 919, affirmed 9 Cir., 1954, 212 F.2d 207, certiorari denied 348 U.S. 830, 75 S. Ct. 51, 99 L. Ed. 654; Wilson v. Kennedy, 9 Cir., 1956, 232 F.2d 153; Phelan v. Taitano, 9 Cir., 1956, 233 F.2d 117; Lankin v. Brown & Root, 9 Cir., 1956, 233 F.2d 320; Holbrook v. Taitano D.C. Guam 1954, 125 F. Supp. 14; Government of Guam v. Kaanehe, D.C. Guam 1956, 137 F. Supp. 189; Pacific Wholesalers, Inc., v. Mangerich, D.C. Guam 1957, 147 F. Supp. 867. But see Jennings v. United States, Ct. Cl. 1957, 155 F. Supp. 571.

"§ 3811. Collection of taxes in Puerto Rico and Virgin Islands.

"(a) Puerto Rico. Notwithstanding any other provision of law respecting taxation in Puerto Rico, all taxes imposed by chapter 1, and by subchapters A and D of chapter 9, shall be collected under the direction of the Secretary and shall be paid into the Treasury of the United States as internal revenue collections. All provisions of the laws of the United States applicable to the administration, collection, and enforcement of any tax imposed upon the incomes of individuals, estates, and trusts by chapter 1 (including the provisions relating to The Tax Court of the United States), and of any tax imposed by subchapter A or by subchapter D of chapter 9, shall, in respect to such tax, extend to and be applicable in Puerto Rico in the same manner and to the same extent as if Puerto Rico were a State, and as if the term 'United States' when used in a geographical sense included Puerto Rico.

"(b) Virgin Islands. Notwithstanding any other provision of law respecting taxation in the Virgin Islands, all taxes imposed by subchapter E of chapter 1, and by subchapter A of chapter 9, shall be collected under the direction of the Secretary and shall be paid into the Treasury of the United States as internal revenue collections. All provisions of the laws of the United States applicable to the administration, collection, and enforcement of the tax imposed by subchapter E of chapter 1 (including the provisions relating to The Tax Court of the United States), and of any tax imposed by subchapter A of chapter 9, shall, in respect to such tax, extend to and be applicable in the Virgin Islands in the same manner and to the same extent as if the Virgin Islands were a State, and as if the term 'United States' when used in a geographical sense included the Virgin Islands.

"(c) Definition. As used in this section, the term 'tax' includes any penalty with respect to the tax, any addition to the tax, and any additional amount with respect to the tax, provided for by any law of the United States."

It thus appears from section 3811 that Congress understood that the provisions of the internal revenue laws of the United States relating to tax administration and enforcement, especially those relating to the Tax Court, were without application to the Virgin Islands. This inference is strengthened by the fact that Puerto Rico was included

693

in the same category as the Virgin Islands since the tax laws of Puerto Rico were unquestionably administered locally and not by the Bureau of Internal Revenue. There would have been no necessity for specifically providing in section 3811 for collection and administration under the Secretary of the Treasury of the taxes referred to therein if the collection and administration of the income tax in the Virgin Islands had for many years already been under his direction and not administered and collected by local officers.

■ The section of the Internal Revenue Code of 1954 comparable to section 3811 of the 1939 Code is section 7651.[9] The taxpayer relies upon this section and it is true

[9] "§ 7651. Administration and collection of taxes in possessions.

"Except as otherwise provided in this subchapter and in sections 4705(b), 4735, and 4762 (relating to taxes on narcotic drugs and marihuana), and except as otherwise provided in section 28(a) of the [1954] Revised Organic Act of the Virgin Islands [prec. 1 V.I.C.] and section 30 of the Organic Act of Guam (relating to the covering of the proceeds of certain taxes into the treasuries of the Virgin Islands and Guam, respectively) —

"(1) Applicability of administrative provisions. — All provisions of the laws of the United States applicable to the assessment and collection of any tax imposed by this title or of any other liability arising under this title (including penalties) shall, in respect of such tax or liability, extend to and be applicable in any possession of the United States in the same manner and to the same extent as if such possessions were a State, and as if the term 'United States' when used in a geographical sense included such possession.

"(2) Tax imposed in possession. — In the case of any tax which is imposed by this title in any possession of the United States —

"(A) Internal revenue collections. — Such tax shall be collected under the direction of the Secretary or his delegate, and shall be paid into the Treasury of the United States as internal revenue collections; and

"(B) Applicable laws. — All provisions of the laws of the United States applicable to the administration, collection, and enforcement of such tax (including penalties) shall, in respect of such tax, extend to and be applicable in such possession of the United States in the same manner and to the same extent as if such possession were a State, and as if the term 'United States' when used in a geographical sense included such possession.

"(3) Other laws relating to possessions. — This section shall apply notwithstanding any other provision of law relating to any possession of the United States.

"(4) Canal Zone. — For purposes of this section, the term 'possession of the United States' includes the Canal Zone.

"(5) Virgin Islands. —

"(A) For purposes of this section, the reference in section 28(a) of the Revised Organic Act of the Virgin Islands to 'any tax specified in section 3811 of the Internal Revenue Code' shall be deemed to refer to any tax imposed by chapter 2 or by chapter 21 [continued, p. 695].

that there is in paragraph (2) of the section a specific provision for collection under the direction of the Secretary of the Treasury or his delegate of any tax imposed by the Code in any possession. But since this provision, by the express terms of the introductory paragraph of the section, is applicable in the Virgin Islands only to the extent not otherwise provided in section 28(a) of the Revised Organic Act it does not apply to the income tax imposed by the Code. For section 28(a), as we have seen, specifically provides that the United States income tax shall be covered and paid into the treasury of the Virgin Islands. And paragraph (5)(A) of section 7651 makes it clear that the taxes to which section 28(a) of the Revised Organic Act does not apply, and which are accordingly within the purview of section 7651, are the social security taxes levied by chapters 2 and 21 of the Internal Revenue Code of 1954, being the same taxes which were the subject matter of section 3811 of the 1939 Code. Moreover the legislative history makes it clear that paragraph (1) of section 7651 is intended to extend the revenue laws to the Virgin Islands so as to facilitate collection from delinquent continental taxpayers who may remove to the Virgin Islands or have property there.[10] It is for this reason that the Virgin Islands are included in a federal internal revenue district. Thus we think that it is clear, contrary to the taxpayer's contention, that Congress did not intend by section 7651 of the Internal Revenue Code of 1954 to

"(B) For purposes of this title, section 28(a) of the Revised Organic Act of the Virgin Islands shall be effective as if such section had been enacted subsequent to the enactment of this title." 26 U.S.C. § 7651.

[10]"Paragraph (1) extends the collection authority and powers of the Internal Revenue Service to possessions of the United States so that if a delinquent taxpayer should remove himself or his property to a possession of the United States the Internal Revenue Service will have the same authority and power (such as the right to collect by levy and sale) to collect the tax from him, or to reach his property, in the possession as it would have within the United States. (It may be noted that two possessions of the United States are now included within internal revenue districts; namely, Puerto Rico and the Virgin Islands, as is the Canal Zone.)" H. Rep. No. 1337, 83d Cong., 2d Sess., pp. A436-437.

bring territorial officers of the Virgin Islands into the federal Internal Revenue Service or to change the pre-existing law in any relevant respect. These officers are not appointed by nor under the control or authority of the Secretary of the Treasury nor are they his delegates. They are territorial and not federal officers. Harris v. Boreham, 3 Cir., 1956, 233 F.2d 110.

■ Under 33 V.I.C. §§ 942, 943, 944 and 1931(1), jurisdiction to review asserted deficiencies in income tax has been vested in the District Court of the Virgin Islands since September 1, 1957. Under the terms of section 22 of the Revised Organic Act[11] the District Court has general original jurisdiction in causes arising in the Virgin Islands, and this afforded and still affords the taxpayer the long recognized remedy to review the administrative action of the territorial revenue officers through suit for refund after payment of the tax. See 33 V.I.C. § 1692.

The order of the Tax Court will be affirmed.

[11] [Prec. 1 V.I.C.] 48 U.S.C. § 1612.