## Appeal of REYNOLDS & REYNOLDS CO.     Docket No. 331.

> The Board has no jurisdiction of an appeal based upon the rejection in part of a claim for the abatement of additional assessments of income and profits taxes for the fiscal years ended September 30, 1917, and September 30, 1918, which assessments were made in 1923 under the provisions of section 250(d) of the Revenue Act of 1921.

Submitted December 17, 1924; decided January 8, 1925.

*J. S. Graydon, Esq.*, for the taxpayer.

*A. H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

### Before GRAUPNER, LANSDON, and SMITH.

SMITH: This appeal came on for hearing on December 17, 1924, upon a plea in bar filed by the Commissioner upon the ground that the Board has no jurisdiction of the appeal.

The taxpayer made its income and profits tax returns for the years 1917 and 1918 upon the basis of fiscal years ended September 30, 1917, and September 30, 1918. A revenue agent made an examination of the taxpayer's books of account and records for the purpose of verifying its tax returns filed for those years, and in a report dated December 21, 1922, recommended the assessment of additional taxes for both years. The taxpayer protested the adjustments which

the Commissioner proposed to make in its income tax returns upon the basis of the revenue agent's report. Additional assessments of income and profits taxes were made against the taxpayer for the years in question in March, 1923.

The taxpayer filed claims for the abatement of a portion or all of the additional assessments and in the consideration thereof a further examination of the taxpayer's books of account by a revenue agent was ordered. The later revenue agent's report was dated June 16, 1924. As a result of the consideration of all of the data before him, the Commissioner addressed a letter to the taxpayer, dated August 1, 1924, which reads as follows:

IT : CA : 2223–7

AUGUST 1, 1924.

REYNOLDS & REYNOLDS CO.,
  *Washington and Dudley Streets,*
                  *Dayton, Ohio.*

SIRS : Reference is made to your income and profits tax returns for the fiscal years ended September 30, 1916, September 30, 1917, and September 30, 1918, and your protest against the adjustment of taxes made as the result of the report of the internal revenue agent in charge at Cincinnati, Ohio, dated December 21, 1922, a copy of which has been furnished you.

In view of the additional data submitted in your protest and in a supplemental report of the agent who examined your books, a reaudit of the returns has been made which has disclosed overassessments of tax aggregating $19,-100.77 for the three years. The respective amounts and details of adjustments made are shown in the attached statement.

The overassessments will be made the subject of certificates of overassessment which will reach you in due course through the office of the collector of internal revenue for your district and will be applied by that official in accordance with section 281 of the Revenue Act of 1924.

Should further correspondence with this office relative to the matter be necessary, it is important that reference be made therein to the symbols IT : CA : 2223–7.
  Respectfully,

                              (Signed.)        J. G. BRIGHT,
                                            *Deputy Commissioner.*
                                    By    ——————————————
                                    .            *Head of Division.*

(Enclosure :) Statement.

The Commissioner contends that the above letter does not show that there has been since the enactment of the Revenue Act of 1924 a determination by him of additional taxes or proposed assessments of additional income and profits taxes for the fiscal years ended September 30, 1917, and September 30, 1918, and that, therefore, it is not a deficiency letter within the meaning of section 274 of the Revenue Act of 1924.

The taxpayer contends that its case is ruled by the decision of the Board in the *Appeal of Joseph Garneau Company, Inc.,* 1 B. T. A. 75, in which the Board held that it had jurisdiction of an appeal involving a deficiency in tax determined by the Commissioner subsequent to the effective date of the Revenue Act of 1924 even though the tax had been assessed prior thereto; that although the letter of August 1, 1924, does not propose the assessment of an additional tax, it is a final decision relative to the question whether an additional tax is due for the fiscal year ended September 30, 1917, and that the letter finds a deficiency in tax *paid* of approximately $10,000.

· The Board has authority to hear and determine appeals filed under the provisions of sections 274, 279, 308, and 312 of the Revenue Act of 1924. Paragraph (a) of section 274 provides:

If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be *assessed* only as hereinafter provided. (Italics ours.)

Section 279 provides the manner of procedure where a tax has been assessed under subdivision (d) of section 274. Such assessments are "jeopardy" assessments, and Congress has marked out the method of procedure where an appeal is to be taken. Section 280 provides:

If after the enactment of this act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or any such act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277.

A reading of the several provisions of the law relating to the jurisdiction of this Board warrants the conclusion that it was not the intention of Congress that it should generally have jurisdiction of taxes which had been assessed by the Commissioner prior to the enactment of the Revenue Act of 1924. It was assumed that the time of the Board would be fully taken up with appeals which might be filed from assessments of tax *proposed to be made* after the Revenue Act of 1924 was approved.

In his argument of this case counsel for the taxpayer relied upon the decision of this Board in the *Appeal of Joseph Garneau Company, Inc.*, 1 B. T. A. 75. In that case the assessment was made just ·before the Revenue Act of 1924 was approved by the President. The Board held, nevertheless, under the circumstances that obtained in the case that it had jurisdiction. The tax was assessed on *May 27, 1924*. On *May 14, 1924*, the taxpayer had requested a reconsideration of its case and the case was actually being reconsidered from the date of the receipt of the letter. The final decision of the Commissioner in the case was not made until July 17, 1924. Therefore, the Board held that it had jurisdiction of the appeal.

The facts in the instant case are substantially different from those in the *Garneau Company Appeal*. Here the assessment was made under the provisions of section 250(d) of the Revenue Act of 1921, the pertinent part of which subdivision reads:

If upon examination of a return made under the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or this act, a tax or a deficiency in tax is discovered, the taxpayer shall be notified thereof and given a period of not less than thirty days after such notice is sent by registered mail in which to file an appeal and show cause or reason why the tax or deficiency should not be paid. Opportunity for hearing shall be granted and a final decision thereon shall be made as quickly as practicable. Any tax or deficiency in tax then determined to be due shall be assessed and paid, together with the penalty and interest, if any, applicable thereto, within ten days after notice

and demand by the collector as hereinafter provided, and in such cases no claim in abatement of the amount so assessed shall be entertained; *Provided,* That in cases where the Commissioner believes that the collection of the amount due will be jeopardized by such delay he may make the assessment without giving such notice or awaiting the conclusion of such hearing.

No evidence has been offered in this case to the effect that the provisions of the law were not complied with by the Commissioner in the making of the additional assessments.

The Board is of the opinion that the plea in bar should be sustained. The appeal is therefore dismissed.