ESTATE OF ARTHUR S. FAIRCHILD, Deceased,
Homer D. Wheaton and Bank of New York
(formerly Bank of New York and Fifth Avenue Bank),
Executors,
Petitioner
v.
COMMISSIONER OF INTERNAL REVENUE,
Respondent

Docket No. 47730
The Tax Court of the United States
Decision No. 21,061
Opinion — Filed June 16, 1955

*See, also, 24 T. C. 408*

CHARLES CLARK AUSTIN, ESQ., WILLIAM J. REINHART, JR., ESQ., AND PAUL D. SEGHERS, ESQ., *for petitioner*

R. P. HERTZOG, ESQ., *for respondent*

MURDOCK, *Judge*

The Commissioner determined a deficiency of $101,887.88 in estate tax. The only issue for decision is whether Congress has made the Federal estate tax applicable to a citizen of the United States domiciled and residing in the Virgin Islands. The facts have been presented by a stipulation which is adopted as the findings of fact.

The decedent was a citizen of the United States from the time of his birth in 1867 to the time of his death on February 10, 1951. He established his domicile in St. Thomas, the Virgin Islands of the United States, in or about November 1938 and thereafter retained that domicile until his death at his home there.

His estate, valued at $521,212.60, consisted of his home and other real estate on the island of St. Thomas valued at $56,407.14; stocks and bonds valued at $358,263.12, in the custody of a New York bank; $82,413.51 on deposit in a New York bank; $7,153.84 on deposit in a Virgin Islands bank; other intangible personal property valued at $6,625.34; tangible personal property in New York valued at $25; and tangible personal property in the Virgin Islands valued at $10,324.65.

The will of the decedent was probated in the Virgin Is-

lands and also in New York. Virgin Islands inheritance tax in the amount of $19,339.12, based upon a gross estate of $514,611.12, was due and was paid.

A Federal estate tax return showing no tax due was filed with the collector of internal revenue for the second district of New York. The Commissioner, in determining the deficiency, held "that the decedent was a citizen of the United States within the meaning of section 802 of the Internal Revenue Code (1939; 26 U.S.C. § 802) and, therefore, there has been included in his gross estate the value of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States."

The Commissioner argues in this case, as he did in Estate of Albert DeCaen Smallwood, 11 T.C. 740, that section 802 of the Internal Revenue Code (1939) applies the provisions of Part II of the estate tax to the estates of all citizens of the United States, the decedent was a citizen of the United States, therefore his estate is subject to the tax. He also discusses an exemption, but the petitioner claims no exemption. The only contention of the petitioner is that the estate is not subject to Federal estate tax since the decedent was, for a long time, a resident of and domiciled in the Virgin Islands, an unincorporated territorial possession of the United States to which the estate tax laws of the United States have never been expressly extended and, therefore, do not apply. The petitioner argues that the Virgin Islands is like Puerto Rico in this respect and the Smallwood case, supra, and Estate of Clotilde Santiago Rivera, 19 T.C. 271, affd. 214 F.2d 60, are in point. The decedents in those two cases were not only residents but also citizens of Puerto Rico while the stipulation in this case shows only that the decedent was domiciled in and a resident of the Virgin Islands.

The decedent in the Smallwood case was a native-

born United States citizen who also acquired Puerto Rican citizenship by residence in the islands for 1 year after March 4, 1927. Act of March 2, 1917, ch. 145, sec. 5a, as added Mar. 4, 1927, ch. 503, sec. 2, 44 Stat. 1418, and amended May 17, 1932, ch. 190, 47 Stat. 158 (prec. Title 1, Laws of Puerto Rico Annotated). The decedent in the Rivera case was a native-born Puerto Rican who was made a citizen of the United States by virtue of the provisions of the Jones Act of Mar. 2, 1917, ch. 145, sec. 5, 39 Stat. 951. United States citizenship or the right thereto as of February 25, 1927, has been conferred upon various categories of natives and residents of the Virgin Islands, Act of June 27, 1952, ch. 477, Title III, ch. 1, sec. 306, 66 Stat. 237 (8 U.S.C. § 1406), but no provision of law has been called to our attention or uncovered by our own research which refers to "citizens" of the Virgin Islands or confers Virgin Islands "citizenship" upon United States citizens residing therein.

Section 17 of the Organic Act of the Virgin Islands of the United States (ch. 699), 49 Stat. 1811 (prec. 1 V.I.C.), effective June 22, 1936 (48 U.S.C. § 1405 p ) provided as follows:

"Beginning on January 1, 1938, or on such earlier date subsequent to January 1, 1937, as may be fixed by local law or ordinance for either municipality, and thereafter, the franchise shall be vested in residents of the Virgin Islands who are citizens of the United States, twenty-one years of age or over, and able to read and write the English language. Additional qualifications may be prescribed by the legislative assembly: *Provided, however,* That no property or income qualification shall ever be imposed upon or required of any voter, nor shall any discrimination in qualification be made or based upon difference in race, color, sex, or religious belief."

The Electoral Ordinance of the Municipality of St. Thomas and St. John was enacted by the Municipal Council on May

26, 1938, and approved by the governor of the Virgin Islands on June 3, 1938. It was then reported to Congress as required by section 16 of the Organic Act (1936, prec. 1 V.I.C.) and, not having been annulled, was printed at page 265 et seq. of House Document No. 67, 76th Cong., 1st Sess. (1939). This ordinance provided, in part, as follows:

"Section 1: That the right of Franchise shall be vested in residents of the Virgin Islands who are twenty-one (21) years or over, citizens of the United States, not legally disqualified, able to read and write the English language.

\*     \*     \*

"(b) For the purposes of this Ordinance, residents of the Virgin Islands shall be persons who have lived in the Virgin Islands for a period of one year next preceding the election and in the Municipality in which they desire to vote for a period of six months next preceding the election and in the district in which they desire to vote for a period of sixty days next preceding the election."

The right to vote conferred by the Organic Act and the Electoral Ordinance is the very essence of citizenship and even though this term is not employed with respect to an inhabitant of the Virgin Islands, we conclude that the decedent herein occupied the same relationship to the Virgin Islands as did the decedents in the Smallwood and Riviera cases to Puerto Rico.

■■ The Government of the United States has adopted a benevolent attitude toward its unincorporated territorial possessions, and it is well established that laws of the United States of general application do not apply to the territorial possessions unless they contain some specific reference thereto. The Virgin Islands, like Puerto Rico, is an unincorporated territorial possession of the United States. The Naval Appropriations Act of 1921, 42 Stat. 122, is in part as follows:

"The income-tax laws now in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands."

The Organic Act (1936; prec. 1 V.I.C.) of the Virgin Islands of the United States provides that all taxes, duties, fees, and public revenues collected in the Virgin Islands shall be covered into the treasury of the Virgin Islands including "the proceeds of the United States income tax, and the proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands." Act of June 22, 1936, ch. 699, sec. 35, 49 Stat. 1816 (48 U.S.C. § 1406h). Taxes thus collected are to be used for the benefit of the Virgin Islands. The Federal estate tax laws, however, were never specifically made applicable to the Virgin Islands but the Virgin Islands has enacted its own inheritance tax laws with the approval and under the authority of our Congress.

■■ The conclusion was reached in the Smallwood and Rivera cases, supra, that our Federal estate tax laws do not apply to the estate of a citizen of the United States who was also a citizen of Puerto Rico and a resident thereof, since the word "citizen" in section 802 of the Internal Revenue Code, and subsequent sections, upon which the Commissioner relies, refers "to citizens residing beyond the limits of the United States, its territories and possessions." The Court of Appeals for the Second Circuit in the Riviera case quoted with approval the above interpretation of the word "citizen." The decedent herein was a citizen who did not reside "beyond the limits of the United States, its territories and possessions." His estate was properly subjected to the inheritance tax imposed by the legislative authority of the Virgin Islands of the United States. Congress, apparently not desiring to subject the estate of such a person to double death duties, has refrained from imposing our estate tax laws upon estates of "inhabitants" of the Virgin Islands,

including citizens of the United States long domiciled and residing there. The situation here is not distinguishable in principle from that considered in the two cited cases and for reasons similar to those set forth in those cases, we hold that the decedent was not a citizen of the United States within the meaning of section 802, Internal Revenue Code, for Federal estate tax purposes.

It is to be noted that our conclusion is in accord with the views expressed by the Senate Committee on Interior and Insular Affairs in its report on the Revised Organic Act of the Virgin Islands, approved July 22, 1954 (prec. 1 V.I.C.; 48 U.S.C. § 1541 et seq.) S. Rept. No. 1271, 83d Cong., 2d Sess. (1954). Therein, the committee stated at page 4 that with the exception of excise taxes, American citizens in the Virgin Islands were exempt from making any contribution to the financial support of the American Government. The committee also voiced that hope, at page 2 of its report, that the enactment of the Revised Organic Act "would be a step forward toward the day when the Virgin Islands could be self-sustaining and the American citizens in the islands could contribute their fair share toward support of their Government."

Decision will be entered under Rule 50.