**GEORGE H. T. DUDLEY, Petitioner**

v.

**COMMISSIONER, Respondent**

Docket No. 66978

The Tax Court of the United States

Decision No. 22,528

Opinion filed — August 14, 1957

*See, also, 28 T.C. 992*

*Same case on appeal, see p. 685, this volume*

GEORGE H. T. DUDLEY, Charlotte Amalie, Virgin Islands, *pro se*

ROBERT C. WHITLEY, ESQ., *for respondent*

MURDOCK, *Judge*

The Commissioner has moved to dismiss this case for lack of jurisdiction. The parties were heard on that motion.

The petitioner and his wife received a letter dated October 26, 1956, from the Head of the Tax Division of the Department of Finance of the "Government of the Virgin Islands of the United States" advising that $6,567.31 was due on their income tax for the year 1955. The petitioner and his wife also received a letter dated February 15, 1957, referring to the letter of October 26, 1956, and advising that unless a petition was filed "with the Court" for review or redetermination of the proposed deficiency within 90 days assessment and collection would ensue. The letter also stated "The U.S. District Court is apparently the Court of jurisdiction in the case of an appeal from the decision of this office." This letter is likewise from the Head of the Tax Division, Department of Finance, Government of the Virgin Islands. These letters and the advice given therein probably were prompted by new legislation pertaining to such taxes. (Cf, Estate of Arthur S. Fairchild, 24 T.C. 408 (Dec. 21,061).)

The Tax Court of the United States has no jurisdiction

in a tax case in the absence of a notice to the taxpayer in which "The Secretary of the Treasury or his delegate determines that there is a deficiency in respect of" an appropriate tax. Section 6212 of the Internal Revenue Code of 1954 (26 U.S.C. § 6212) TD 6118, 1955-1 CB, 698, 718, provides in paragraph 22 the rules applicable to delegation of authority by the Secretary of the Treasury, and TD 6119, 1955-1 CB, 145, 153, covers the delegation of authority to issue notices of deficiency and provides as follows:

"If a District Director (or an Assistant Regional Commissioner, Appellate) determines that there is a deficiency in respect of income, estate, or gift tax imposed by subtitle A or B, he is authorized to notify the taxpayer of the deficiency by registered mail."

There is no showing that Rueben B. Wheatley, who signed the letters of October 26, 1956 and February 15, 1957, as Head of the Tax Division of the Department of Finance of the Government of the Virgin Islands, was a delegate of the Secretary within the meaning of the I.R.C. of 1954 for purposes of issuing a notice of deficiency. It seems probable that he was not. Section 28(a) of the Revised Organic Act of the Virgin Islands (July 22, 1954 [prec. 1 V.I.C.; 48 U.S.C. § 1642]) provides that all permanent residents of the Virgin Islands "shall satisfy their income tax obligations under the applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands." There is no showing here of any interrelation between the Department of Finance of the Government of the Virgin Islands and the Secretary of the Treasury.

This Court is not authorized to entertain the petition herein in the absence of an appropriate notice of deficiency, and the proceeding will be dismissed for lack of jurisdiction. Decision will be entered dismissing the proceeding for lack of jurisdiction.