**GUAM BOWLING CENTER, INC., a corporation, Plaintiff,**

v.

**George W. INGLING, Commissioner of Revenue and Taxation, Government of Guam, Defendant.**

Civ. No. 28-60.

District Court of Guam.

Aug. 31, 1960.

Andrew M. Gayle of Arriola, Bohn & Gayle, Agana, Guam, for plaintiff.

Louis A. Otto, Jr., Atty. Gen., Leon D. Flores, Island Atty., John H. Pigg, Deputy Island Atty., Agana, Guam, Government of Guam, for defendant.

EDWARD P. FURBER, Designated Judge.

Under date of June 23, 1960 the defendant, by his attorneys, filed a motion, pursuant to Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the above entitled action for (A) Lack of jurisdiction, and (B) Failure of the complaint to state a claim upon which relief can be granted, for the following reasons:

1. It appears from the allegations of the complaint, and the exhibits attached to and made a part thereof, that the entire amount of the Guam business privilege tax deficiency assessments as made against plaintiff for the taxable (calendar) years 1955, 1956 and 1957 has not been paid.

2. Payment in full of said business privilege tax deficiency assessments is a jurisdictional prerequisite to the maintenance of a suit for refund of payments which do not discharge the entire amount of said tax assessments.

The action is brought under Sec. 19511 of the Government Code of Guam for refund of $3,035.73 allegedly paid towards an assessment of additional gross receipts tax for the years 1955, 1956, and 1957 totaling $15,859.21, the plaintiff having entered into an installment agreement with the defendant, in accordance with Sec. 19501.0210 of the Government Code of Guam, under threat of levy proceedings.

The question presented concerns only interpretation of Guam statutory law. No federal tax statute is involved, nor is any issue of constitutional law or conflict of laws raised. The pertinent words of the Guam Business Privilege Tax Law (of which Sec. 19511, referred to above, is a part) must control so far as they are plain and unambiguous and convey a clear and definite meaning. If there is ambiguity, the will of the Guam Legislature is the all important and controlling factor in construing the words used, and must prevail over any principle of federal or other tax policy to the contrary. Furthermore, all the sections of this law must be construed together as a part of the system of taxation there set forth.

> 50 Am.Jur., Statutes, Secs. 223, 225, 348 and 349.

The sections of this law which bear most directly on the present problem read as follows:

> "19500. Definitions. For the purposes of this Chapter, except as otherwise specifically provided, the following words and phrases * * shall have the meaning ascribed to them in this Section."

> \* \* \* \* \* \*

> ".17. 'Taxpayer' shall mean any person against whom a tax is levied, or who is liable for payment of any tax, or who is required to file a return under this Chapter whether such person owes a tax or not."

> "19510. Decisions and Effect. The decision of the Board shall be in writing. Such written decision shall be conclusive upon all parties unless reversed by the District Court of Guam when appealed thereto by the taxpayer as hereinafter provided."

> ".01. Where the decision of the Board upholds an assessment and the tax so assessed has not been paid, or where the Board makes any additional assessment, the taxpayer has thirty (30) days from the date of the Board's decision in which to pay such assessment regardless of any further action which may be taken by the taxpayer."

> "19511. Suit. When any taxpayer has perfected an appeal to the Board and received an adverse decision therefrom, he may name the Tax Commissioner of the government of Guam as defendant in a suit for refund brought in the District Court of Guam; however, such suit shall be strictly limited to the cause of action decided by the Board and must be strictly construed within the provisions of this Act."

> "19540. Levy. There is hereby levied and shall be assessed and collected monthly privilege taxes against the persons on account of their businesses and other activities in Guam measured by the application of rates against values, gross proceeds of sales or gross income, as the case may be."

Substituting the definition of "taxpayer" in Sec. 19500.17 for the word "taxpayer" in Sec. 19511, it would appear that the statutory rule is, in part, that any person against whom a tax is levied, or who is liable for payment of any tax, or who is required to file a return under this chapter, may name the Tax Commissioner as a defendant in a suit for refund. Certainly none of the sections quoted above give any indication that such a person must pay two or three years taxes in full before he can get a judicial determination as to whether any of them are legally due. The word "refund" indicates that he must have paid something, but no express mention is made as to this refund being limited to any minimum amount. It would seem that the Legislative intent was to authorize a suit for refund of anything not legally due which had been paid in connection with the assessments appealed to the Tax Appeal Board.

The defendant bases his argument almost entirely on the decision of the United States Supreme Court in the case of Flora v. United States, 1958, 357 U.S. 63, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165, re-

hearing, 1960, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623. That case dealt with the question of whether a taxpayer must pay the full amount of a United States federal income tax deficiency for a particular year before he may challenge its correctness by a suit for refund under 28 U.S.C. § 1346(a) (1), and the majority of the court, both in its original decision and in the decision on rehearing, held that such payment in full was required. It should be noted, however, that the tax law there in question involved a matter of annual assessments and no question was raised about trying to merge assessments for several assessment periods. The majority opinion on rehearing laid stress on what it considered to be a general understanding and nearly uniform practice for decades of requiring such full payment, upon the legislative history of the particular section of the United States Code there involved, and upon an early dictum (1875) that payment of the tax meant payment in full. They also called attention to the fact that their holding did not imply the imposition by Congress of any undue hardship, because under the federal income tax law, a taxpayer had an option to petition the United States Tax Court for a determination without prepaying the tax.

The situation herein is materially different from that in the Flora case, supra. Here there is no allegation of decades of general understanding and nearly uniform practice. This is a relatively new system of taxation, as to which there has not been time for the development of long continued, uniform practice. No such detailed legislative history or written record of expressions of legislative opinion has been presented. The exact words involved are different. The method of relief which the plaintiff seeks to utilize is the only means of judicial review clearly authorized. The Flora case, supra, therefore, is neither controlling nor does it present a persuasive analogy.

Section 19510 of the Business Privilege Tax Law, as it appeared in the 1952 edition of the Government Code of Guam, provided that a person who had, among other things, "paid the tax for any month or year as provided by this act" might appeal to the court. That provision may well have been intended to carry with it the "pay first and litigate later" doctrine discussed in the Flora case, supra. This whole appellate procedure, however, was changed by Public Law 43 of the Second Guam Legislature, effective July 23, 1953, which provided the system in question in this case. Under Secs. 19509 to 19511, as amended by Public Law 43 of the Second Guam Legislature, these words "and having paid the tax" are not used in connection with the matter of appeals. This change appears to the court to indicate an intention by the Legislature to do away with any requirement it may previously have had in mind that prepayment of the tax must be made in full as a prerequisite to obtaining a judicial review.

It should furthermore be noted that Sec. 19540 of the Government Code of Guam concerning gross receipts taxes here involved, provides "There is hereby levied and shall be assessed and collected *monthly* privilege taxes * * *" (emphasis added). Therefore, even if the doctrine of the Flora case, supra, were to be applied, it would seem that it could only require a full payment of one monthly tax in order to entitle the taxpayer to sue for refund of that tax. The majority opinion on rehearing in the Flora case, supra, in note number 37, 362 U.S. at page 171 et seq., 80 S.Ct. at page 644, in differentiating a number of earlier cases, indicates very clearly that in its opinion, the "pay first, litigate later" doctrine only applies to one tax at a time, as is shown by the following sub-paragraphs in that footnote:

"(b) A number of the cited cases involved excise taxes. The government suggests—and we agree—that excise tax deficiencies may be divisible into a tax on each transaction or event, and therefore present an entirely different problem with respect to the full-payment rule."

"(c) * * *

"(d) In some of the cases the only amount remaining unpaid at the time of suit was interest. As we

have indicated, the statute lends itself to a construction which would permit suit for the tax after full payment thereof without payment of any part of the interest."

If the partial payments made by the plaintiff were either applied in full first on the deficiency assessed for the first month in question, and so on, or were prorated between principal and interest according to the rule adopted as "logical, workable, understandable and just" in State v. Erie R. Co., 1945, 23 N.J.Misc. 203, 42 A.2d 759, 765–766, and the part representing principal applied first on the deficiency assessed for the first month in question, and so on, it seems probable that at least some of the monthly assessments must have been paid in full. At any rate, the court cannot determine from the record before it that none of them has been so paid.

Even in the matter of federal taxation, the "pay first and litigate later" doctrine is applicable only to particular remedies or taxes, and not to the whole field of taxation. Since 1924 it has been expressly disregarded by the United States Congress in the provisions for petitions to the Board of Tax Appeals, later known as the Tax Court. As stated by the United States Tax Court itself:

"  *  *  *  (T)he purpose of the provisions in the 1924 Act creating the Board of Tax Appeals was to furnish to the taxpayer a forum in which he could litigate liabilities connected with his taxes without being required to resort to the cumbersome and inequitable processes of paying the amount in question and suing for its recovery. H.Rept.No. 179, 68th Cong., 1st Sess. (1924), pp. 7, 8. Newsom v. C.I.R., 1954, 22 T.C. 225, 227."

The defendant has argued that the rule of the Flora case, supra, is "consonnant (sic) with the necessity of unfettered right of immediate receipt by the sovereign state of its life-sustaining revenues." Memorandum Reply Brief for Defendant p. 3. It should be noted, however, that under Sec. 19510.01 and Sec.

19503, including all its sub-sections, the Tax Commissioner has wide powers of collection that are not stayed in any way pending a suit for refund. Presumably, the payments he has consented to under the installment agreement alleged here constitute as rapid liquidation of the assessment or assessments involved as he deems practicable.

After careful consideration, this court can see no reason to impute to the Guam Legislature an intent to authorize the defendant to combine assessments in such a manner as to prevent the taxpayer obtaining a judicial determination of his liabilities without prepaying in full the tax for two or three years. In fact, under the statutory provisions here involved, this court can find no intent of the Guam Legislature to require the full payment of even one monthly assessment as a prerequisite to a suit for refund of any payment on account of such an assessment or upon the interest or any penalty charged in connection therewith.

The motion to dismiss is denied. The defendant is allowed 30 days in which to answer.