Kenneth T. JONES and Harriet Jones, Plaintiffs,

v.

George W. INGLING, Commissioner of Revenue and Taxation, Government of Guam, Defendant.

Civ. No. 80-58.

District Court of Guam.

Feb. 24, 1961.

Joaquin C. Arriola, Arriola, Bohn & Gayle, Agana, Guam, for plaintiffs.

Louis A. Otto, Jr., Atty. Gen., of Guam, Leon D. Flores, Island Atty. of Guam, John H. Pigg, Deputy Island Atty., Agana, Guam, for defendant.

GILMARTIN, District Judge.

This is a motion by the plaintiffs "to reconsider and set aside the Judgment of Dismissal entered herein on the 24th day of January, 1961," Motion to Reconsider and to Set Aside Judgment of Dismissal, which judgment conformed to this Court's opinion filed herein on January 16, 1961.

In support of the present motion the plaintiffs have called this Court's attention to the fact that while their petition for a redetermination of a Guam Territorial income tax deficiency assessment was filed herein 262 days after the mailing thereof, yet their petition was filed within 90 days after the effective date of Government Code of Guam, § 19700, Pub. L. No. 75, 4th Leg., 2d Sess. (March 14, 1958). That code section reads,

"In addition to such other jurisdiction as the District Court of Guam has with respect to the Income Tax provided by Section 31 of the Organic Act of Guam and pursuant to the United States Internal Revenue Code of 1939, as amended, and the United States Internal Revenue Code of 1954, as amended, and any future amendments thereto, the District Court of Guam shall also have the same jurisdiction with regard to the said Income Tax as the Tax Court of the United States has with respect to the United States income tax. The taxpayer may file a petition with the District Court of Guam for a redetermination of a deficiency within ninety (90) days after the notice of deficiency is mailed, or one hundred and fifty (150) days if the notice is mailed to a person outside the territory of Guam, (not counting Saturday, Sunday, or a legal holiday in Guam as the last day). The District Court of Guam shall implement this Chapter, as

may be necessary, by rules of procedure."

When the Organic Act of Guam was enacted in 1950, it contained the following provision:

"The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam." 48 U.S.C.A. § 1421i (1952 ed.).

In construing this section, it has been held that " * * * Congress clearly intended to set up a *separate* taxing system for the territory *modeled after* the Federal taxing statutes * * *." Jennings v. United States, Ct.Cl.1958, 168 F.Supp. 781, 784. (emphasis added).

" * * * [T]he effect of * * * [48 U.S.C.A. § 1421i (1952 ed.)] is to impose a territorial tax to be collected by the proper officials of the Government of Guam." Laguana v. Ansell, D.C.Guam, 1952, 102 F.Supp. 919, 922, affirmed 9 Cir., 1954, 212 F.2d 207, certiorari denied 1954, 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654.

See also, Wilson v. Kennedy, 9 Cir., 1956, 232 F.2d 153, 154; Government of Guam v. Kaanehe, D.C.Guam, App.Div.1956, 137 F.Supp. 189, 190; Pacific Wholesalers v. Mangerich, D.C.Guam, 1957, 147 F.Supp. 867, 868. This separate, territorial income tax went into effect on January 1, 1951. Executive Order No. 10211, 3 C.F.R., 1949–53 Comp., 392, 393 (1951), 48 U.S.C.A. § 1421i note.

Subsequent to a 1958 amendment to the Organic Act of Guam, the latter provided, *inter alia,* that,

"(a) The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam.

"(b) The income-tax laws in force in Guam pursuant to subsection (a) of this section shall be deemed to impose a separate Territorial income tax, payable to the government of Guam, which tax is desig-

nated the 'Guam Territorial income tax'.

". . . . ." 48 U.S.C.A. § 1421i (1960 Cum.Ann. Pocket Part).

This amendment "did *nothing more than reenact and clarify* the existing tax laws affecting the Territory of Guam." Jennings v. United States, supra, Ct.Cl. 1958, 168 F.Supp. 781, 785 (emphasis added). To repeat, its purpose was "to clarify and restate * * * [48 U.S. C.A. § 1421i (1952 ed.)] of the Organic Act of Guam * * *." S.Rept. No. 2176, 85th Cong., 2d Sess. (1958) in 1958 U.S.Code Cong. and Adm.News 3647.

One of Congress' purposes in establishing the Guam Territorial income tax was to guarantee that the residents of Guam would receive the same treatment as regards income taxation as residents of the United States. This intent is clearly shown by a portion of the Organic Act's legislative history:

"Mr. Miller of Nebraska. Mr. Speaker, the gentleman from Pennsylvania * * * and the gentleman from New York * * * have brought into perspective the problem involved here; that is, the payment of income taxes in Guam.

"I think it was in 1950 when I was in Guam I discovered the construction workers and the people of Guam, who had received increased wages because they were living in that nice climate, were not paying any income taxes of any kind nor any withholding taxes. I came back with a feeling that something ought to be done about it.

"The amendment, * * * [48 U.S.C.A. § 4121i (1952 ed.)], to the Guam Organic Act was placed in the legislation on the floor of the House. The amendment had been discussed in committee and it failed, I believe by a tie vote or a very close vote, at that time in the committee.

"The House in 1951 [1950] wisely decided that the people living on Guam, United States citizens, should

pay income taxes just as they do in the other islands. The amendment, while it was drawn by legal experts on tax legislation, apparently was not explained sufficiently on the floor of the House at that time. So, what happened? After it was adopted and taxes had been collected starting in 1952, a group—a very small group I may say—of construction workers on the island decided there was a loophole in the law and they got hold of a sharp attorney.

"Because the amendment was not drawn as carefully as it might have been drawn or not explained in the legislative handling of the bill as thoroughly as it might have been, there was some question about whether they should have paid $23 million in taxes. So, we are trying to make it crystal clear today that when we adopted * * * [48 U.S. C.A. § 1421i (1952 ed.)] in 1951 [1950] to the Organic Act of Guam, *it was the intention of the Congress that United States citizens living on Guam should be subject to the same income taxes as they are subject to here in the United States.* I hope that the legislative explanation of this amendment here today will be sufficient to convince any court that there is no doubt in the mind of Congress relative to what they intended to do in 1951 [1950]." 104 Cong.Rec. 15467 (1958) (emphasis added).

Although Congress apparently intended that Guam residents should receive identical treatment with respect to income taxation as residents of the United States, this was not the result effected. When notice of a federal income tax deficiency assessment is sent to a taxpayer, see 26 U.S.C.A. § 6212 (1960 Cum.Ann.Pocket Part), that taxpayer has a right to petition the Tax Court of the United States for a redetermination of the deficiency assessment. 26 U.S. C.A. § 6213(a) (1955 ed.). On the other hand, when notice of a Guam Territorial income tax deficiency assessment is sent to a taxpayer, that taxpayer cannot so petition the Tax Court.

It has been held by the Tax Court of the United States that it has no jurisdiction to entertain a petition for the redetermination of a territorial income tax deficiency assessment. Dudley v. Commissioner of Internal Revenue, 1957, 28 T.C. 992, 994, affirmed 3 Cir., 1958, 258 F.2d 182. In affirming the decision of the Tax Court, Judge Maris, speaking for the United States Court of Appeals for the Third Circuit, said,

"* * * [W]e are satisfied that the tax here in dispute is actually not a tax of the United States but a territorial income tax and for this additional reason the Tax Court had no jurisdiction in the premises." Dudley v. Commissioner of Internal Revenue, supra, 3 Cir., 1958, 258 F.2d 182, 184.

Evidentally relying on Dudley v. Commissioner of Internal Revenue, supra, 1957, 28 T.C. 992, affirmed 3 Cir., 1958, 258 F.2d 182, the Tax Court has held that it has no jurisdiction to entertain a petition for the redetermination of a Guam Territorial income tax deficiency assessment. Jones v. Commissioner of Internal Revenue, 15 Tax Barometer par. 1260 (T.C.1958).

It is necessary to summarize the foregoing at this point in order to clearly set forth the situation which existed on March 14, 1958, the effective date of the statute under consideration, Government Code of Guam, § 19700. On that date there had been in effect, since January 1, 1951, the Guam Territorial income tax. The tax was based upon the federal income tax laws. What is more, while Congress had imposed "the full burden of income taxation," Laguana v. Ansell, D.C.Guam, 1952, supra, 102 F.Supp. 919, 921, affirmed 9 Cir., 1954, 212 F.2d 207, certiorari denied 1954, 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654, upon the residents of Guam, still the Guam Territorial income taxpayer was without the valuable right enjoyed by his fellow income taxpayers residing in the United States, the

right to petition for a redetermination of an income tax deficiency assessment.

■ A statute must be construed in the light of the evil sought to be remedied. Scovill Mfg. Co. v. Skaggs Pay Less Drug Stores, 1955, 45 Cal.2d 881, 889, 291 P.2d 936, 941. The evil existing at the time of the enactment of Government Code of Guam, § 19700 was the inequality of rights existing between federal income taxpayers and Guam Territorial income taxpayers. Government Code of Guam, § 19700 must, therefore, be construed as giving to Guam Territorial income taxpayers the identical right to petition for a redetermination of an income tax deficiency assessment enjoyed by federal income taxpayers.

■ At the time Government Code of Guam, § 19700 was enacted federal income taxpayers had the right to petition for a redetermination of an income tax deficiency assessment within, as a general rule, 90 days measured from the time of the mailing to the taxpayer of notice of the assessment. 26 U.S.C.A. § 6213(a) (1955 ed.). If this Court were to adopt the plaintiffs' construction of Government Code of Guam, § 19700, i. e., that as to notice of a Guam Territorial income tax deficiency assessment mailed prior to the enactment of § 19700, the 90 days within which a petition for the redetermination of that assessment must be filed begins to run on the effective date of the code section, then the statute would be construed as giving to certain Guam Territorial income taxpayers *a greater right* than that enjoyed by federal income taxpayers; in the present case the plaintiffs would have a right to file their petition within 262 days after the mailing of notice instead of 90 days.

There is no indication that the Guam Legislature intended to do anything more than simply remedy the situation existing at the time it took legislative action by giving to Guam Territorial income taxpayers the identical right possessed by federal income taxpayers. Government Code of Guam, § 19700 contains no ambiguity as to the time within which

a petition for the redetermination of a Guam Territorial income tax deficiency assessment may be filed: "The taxpayer may file a petition with the District Court of Guam for a redetermination of a deficiency within ninety (90) days after the notice of deficiency is mailed * * *." As stated recently, "The pertinent words of * * * [a statute] must control so far as they are plain and unambiguous and convey a clear and definite meaning." Guam Bowling Center, Inc. v. Ingling, D.C.Guam 1960, 188 F.Supp. 104, 105.

It is interesting to examine the analogous problem existing at the time that Congress first gave to federal income taxpayers the right to petition for a redetermination of an income tax deficiency assessment. This right was first bestowed by § 274(a) of the Revenue Act of 1924, 43 Stat. 297, 26 U.S.C.A. Int. Rev. Acts p. 57:

"* * * Within sixty days after such notice is mailed the taxpayer may file an appeal with the Board of of Tax Appeals * * *."

In construing the effect of this section, it was held that,

"A reading of the several provisions of the law relating to the jurisdiction of this Board warrants the conclusion that it was not the intention of Congress that it should generally have jurisdiction of taxes which had been assessed by the Commissioner prior to the enactment of the Revenue Act of 1924. It was assumed that the time of the Board would be fully taken up with appeals which might be filed from assessments of tax *proposed to be made* after the Revenue Act of 1924 was approved." Appeal of Reynolds & Reynolds Co., 1925, 1 B.T.A. 275, 277.

In spite of the rule laid down in Appeal of Reynolds & Reynolds Co., supra, 1925, 1 B.T.A. 275, since it is unnecessary to a disposition of the present case this Court will refrain from applying that rule in the construction of Government Code of Guam, § 19700.

Albeit the plaintiffs' other arguments are resourceful, they do not possess sufficient merit to warrant discussion.

Because this Court is of the opinion that the motion under consideration must be denied for the reasons given in the foregoing discussion, it does not presume, at this time, to pass upon the question of whether Government Code of Guam, § 19700, gives it jurisdiction, under any factual situation, to entertain a petition to redetermine a Guam Territorial income tax deficiency assessment.

The plaintiffs' motion is denied.

It is so ordered.