ROBERT S. POWERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Powers v. Commissioner
Docket No. 3088-89
United States Tax Court
T.C. Memo 1990-623; 1990 Tax Ct. Memo LEXIS 709; 60 T.C.M. (CCH) 1409; T.C.M. (RIA) 90623; December 12, 1990, Filed *709 Decision will be entered under Rule 155. Robert S. Powers, pro se. Joseph P. Grant, for the respondent. PARR, Judge. PARR
*2032 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in and additions to petitioner's Federal income tax for calendar year ending December 31, 1986, as follows: Additions to tax
Deficiency
Sec. 6651(a)(1) [1] *711 Sec. 6653(a)(1) and (2) [2]
$ 9,403
$ 1,416.50
$ 470.15 *
Additions to tax
Deficiency
Sec. 6654(a)
Sec. 6661(a)
$ 9,403
$ 228.68
$ 2,350.75
Before trial all substantive issues raised in the notice of deficiency were resolved by the parties. As a result, respondent concedes that there is a $ 1,380.92 overpayment of tax due petitioner for taxable year 1986. Petitioner, however, contends that he is entitled to an overpayment of all taxes withheld ($ 3,737.92), because they were improperly collected. Accordingly, the issues remaining for decision are (1) whether the Secretary of the Treasury (Secretary) properly delegated to the Commissioner authority to sign and send notices of deficiency to citizens of the continental United States, and if so, whether the failure to publish Treasury Department Order (TDO) No. 150-10 [3] in the Federal Register renders the Commissioner's Delegation Order (DO) No. 77 [4] (Rev. 21) null and void; *712 and (2) whether petitioner is liable for damages (now called a penalty) under section 6673. FINDINGS OF FACT Some of the facts were orally stipulated to at trial and are found accordingly. Petitioner resided in Columbus, Ohio, at the time he filed *713 his petition in this Court. At all relevant times, petitioner was a citizen of the State of Ohio. Petitioner did not file a Federal income tax return for calendar year ending December 31, 1986. Thus, respondent prepared a substitute return in accordance with section 6020(b). Thereafter, respondent issued petitioner the statutory notice of deficiency in issue. Petitioner filed his petition raising tax protestor type arguments. Respondent filed his answer and petitioner's case was sent to Appeals to explore settlement possibilities. On June 19, 1989, petitioner signed an affidavit. Contained therein, in relevant part, are the following statements: 3. I am NOT a business. I am a free person, a Citizen of the free and independent State of Ohio. 4. That at all relevant times herein I was neither a resident nor a citizen within the jurisdiction of the federal government in that I was not a resident of, nor domiciled in the District of Columbia nor the Commonwealth of Puerto Rico, nor the Virgin Islands and/or Guam, nor American Samoa, nor the Northern Mariana Islands, nor the Trust Territory of the Pacific Islands, nor did I reside in or was I domiciled in any fort, *714 arsenal, or other military installation, insular possession, or federal enclave of the federal government. 5. That as a natural free person and Citizen of the free and independent State of Ohio, I have been asked to sign documents indicating that I am a United States citizen. In every case in which I have done so, it has been with the understanding that the United States citizen meant Citizen of the United States of America including the 50 free and independent States. Never was it my understanding or intention to claim that I am a 14th Amendment citizen of the United States, subject to its jurisdiction. 6. That for the years 1986 A.D. I was not involved in a revenue taxable activity or event, for I was not an employee, officer or elected official of any federal, state or any municipal government, nor an officer or director of a foreign or domestic holding company; nor was I a foreign or domestic corporation, or a majority shareholder in a foreign or domestic holding company; nor was I an executor or beneficiary of an estate, nor was I a "person" *2033 required to collect, account for and pay over any tax. 7. My research indicates that I am not "subject to the jurisdiction *715 of the United States," and to the best of my knowledge never have been "subject to the jurisdiction of the United States." On June 28, 1989, a conference was held between the IRS and petitioner. Petitioner substantiated his itemized deductions and dependency exemptions. On September 8, 1989, a decision document was mailed to petitioner reflecting the results of the conference. Respondent's counsel made several attempts to get petitioner to sign the Stipulation and Decision documents. Counsel informed petitioner that if he had any legitimate arguments concerning the tax liability at issue, he was to advise him. Counsel also informed petitioner that if he did not have legitimate arguments, and did not sign and return the Stipulation and Decision, respondent would move to amend his answer to include damages under section 6673. Petitioner did not sign. Instead on October 24, 1989, petitioner wrote a letter to respondent's counsel alleging that he did not challenge the dollar amount, but rather challenged the delegated authority of the individuals who (1) made petitioner's substituted return under section 6020(b), and (2) signed and sent the notice of deficiency. Additionally, *716 he stated he was denied his right to administrative due process. Respondent mailed to petitioner copies of four cases on section 6020(b). Those cases adequately appraised petitioner of the law under section 6020(b) and respondent's authority to make substituted returns. Approximately two weeks before trial respondent moved this Court for leave to amended his answer to seek damages under section 6673. Petitioner filed an objection. Respondent's motion to amend was granted. Accordingly, respondent filed his amended answer to assert a $ 5,000 claim for damages under section 6673, alleging that petitioner made frivolous tax protestor type arguments throughout the administrative proceedings, and that the proceedings before the Tax Court are being maintained primarily for delay. Petitioner requests this Court to have all taxes paid by him for taxable year 1986 returned to him, since they were improperly collected. OPINION The first issue for decision is whether the Secretary delegated to the Commissioner authority to determine deficiencies and to send statutory notices of deficiency to citizens of the United States. Petitioner's primary allegation is that after Reorganization *717 Plan 26 of 1950, [5] the Secretary delegated to the Commissioner the authority to administer the tax laws only in Panama Canal Zone, Puerto Rico, the Virgin Islands, U.S. Territories, and Insular possessions. Thus, because petitioner is a citizen of the State of Ohio, the Commissioner has no authority to enforce the Internal Revenue Code against him. Additionally, he alleges that because TDO No. 150-10 relates to areas outside of the continental United States, rather than to citizens of the continental United States, it did not have to be published in the Federal Register in accordance with the Federal Register Act. 44 U.S.C. sec. 1501 et seq. (1988). See 5 U.S.C. secs. 552 et seq. (1988). However, because TDO No. 150-10 was not published in the Federal Register, DO No. 77 is null and void. *718 Petitioner relies on TDO Nos. 150-42, [6] 150-01, [7] *719 and 150-10, [8] to support his allegation that the Secretary never delegated to the Commissioner *2034 authority to sign or send notices of deficiency to citizens within the continental United States. However, as evidenced by TDO No. 120, [9] and TDO No. 150-2, [10] petitioner is incorrect. On July 31, 1950, the day Plan 26 became effective, the Secretary directed that "officers, employees, and agencies of the Treasury Department * * * continue to perform the functions they were authorized to perform immediately prior to the effective date of the Reorganization Plan." See TDO No. 120. Thus, the Commissioner had authority to sign and send notices of deficiency to citizens within the Continental United States immediately *720 after Plan 26 became effective. Additionally, in May 1952 the Secretary delegated to the Commissioner authority to perform all functions of all "officers, employees, and agencies" of the IRS which had not already been transferred to him as of May 15, 1952, except the functions of the Assistant General Counsel. See TDO No. 150-2. Moreover, the Commissioner continued to have the authority to sign and send notices of deficiency after the enactment of the Internal Revenue Code of 1954 (1954 Code). Stamos v. Commissioner, 95 T.C. (1990). See Dudley v. Commissioner, 258 F.2d 182 (3rd Cir. 1958), affg. 28 T.C. 992 (1957); sec. 7851(b)(3); TDO No. 150-6. [11]
*721 Based on the foregoing, it is clear that the Secretary properly delegated to respondent authority to sign and send notices of deficiency to taxpayers within the Continental United States after Plan 26, and that he continues to have that authority today. Accordingly, petitioner, a citizen of the State of Ohio, is subject to the Federal income tax laws. Additionally, we note that the TDO's delegating enforcement authority to the Commissioner do not have to be published in the Federal Register to be effective. Stamos v. Commissioner, 95 T.C. (1990). Thus, DO No. 77, which petitioner concedes was published in the Federal Register, is valid. However, the validity or invalidity of DO No. 77 is not relevant to our decision in this case. Here the District Director, rather than another IRS official, signed the notice of deficiency sent to petitioner on behalf of the Commissioner. We now consider whether to award damages to the United States under section 6673. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative *722 remedies, damages (now called a penalty) in an amount not in excess of $ 5,000 [12] shall be awarded to the United States by the Court in its decision. Sec. 6673(a). However, under the particular circumstances of this record, where petitioner is entitled to a refund and the leading case concerning the procedural issue was decided after trial, we decline to award damages. However, we give petitioner, as well as other taxpayers, fair warning that damages will *2035 be imposed if claims such as the one raised herein continue to be brought. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable year in issue.↩
2. Respondent determined that petitioner was liable for the addition to tax under section 6653(a)(1) and (2) for negligence. The appropriate sections for taxable year 1986 are sections 6653(a)(1)(A) and (B).↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
3. Treasury Department Order (TDO) No. 150-10, effective October 1, 1986, was filed with the Federal Register on July 10, 1986. It provides a complete list of Internal Revenue Districts.↩
4. Commissioner's Delegation Order (DO) No. 77, 54 Fed. Reg. 10812 (Mar. 14, 1989), provides the following: 1. The authority granted to the Commissioner of Internal Revenue and District Directors, by 26 CFR 301.7701-9, 26 U.S.C. 6212, 26 CFR 301.6212-1, Treasury Order 150-10, and 26 CFR 301.6861-1↩ to sign and send to the taxpayer by registered or certified mail any notice of deficiency is hereby delegated to the officials listed below. * * * 5. The Reorganization Plan No. 26 of 1950 (Plan 26), 64 Stat 1280; 15 Fed. Reg. 4935 (Aug. 2, 1950). Plan 26 provides in relevant part as follows: SECTION 1. Transfer of functions to the Secretary. (a) Except as otherwise provided in subsection (b) of this section, * * * there are hereby transferred to the Secretary of the Treasury all functions of all other officers of the Department of the Treasury and all functions of all agencies and employees of such Department. * * * SEC. 2. Performance of functions of Secretary. The Secretary of the Treasury may from time to time make such provisions as he shall deem appropriate authorizing the performance by any other officer, or by any agency or employee, of the Department of the Treasury of any function of the Secretary, including any function transferred to the Secretary by the provisions of this reorganization plan.↩
6. TDO No. 150-42 (July 27, 1956), was published in 21 Fed. Reg. 5852 (Aug. 4, 1956), and provides the following: The Commissioner shall to the extent of authority otherwise vested in him, provide for the administration of the United States Internal Revenue laws in the Panama Canal Zone, Puerto Rico, and the Virgin Islands.↩
7. TDO No. 150-01 (February 27, 1986), was published in the Federal Register. See 51 Fed. Reg. 9571 (Mar. 19, 1986). Petitioner focuses on the following portion of TDO No. 150-01: 6. U.S. Territories and Insular Possessions. The Commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States internal revenue laws in the U.S. territories and insular possessions and other authorized areas of the world.↩
8. Petitioners rely on the following portion of TDO No. 150-10 (July 10, 1986), filed with the Federal Register: 5. U.S. Territories and Insular Possessions. The Commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States internal revenue laws in the U.S. territories and insular possessions and other authorized areas of the world. See Standard Federal Tax Reporter (CCH) July 23, 1986, p. 71,722 par. 6585.↩
9. TDO No. 120 dated July 31, 1950.↩
10. TDO No. 150-2 was published in the Federal Register and became effective on May 15, 1952. See 17 Fed. Reg. 4590↩ (May 20, 1952).
11. On August 17, 1954, the Secretary issued TDO No. 150-36. TDO No. 150-36 made TDO No. 150-2 effective under the Internal Revenue Code of 1954 (1954 Code). See 1954-2 C.B. 733. TDO No. 150-36, 19 Fed. Reg. 5411 (Aug. 25, 1954), provides as follows: Delegation of functions created by the Internal Revenue Code of 1954. 1. By virtue of the authority vested in me by Reorganization Plan No. 26 of 1950 and section 7804(a) of the Internal Revenue Code of 1954, each delegation of authority, and each redelegation of authority made pursuant to such delegation, which: (1) Was in effect immediately preceding the enactment of the Internal Revenue Code of 1954, and (2) Was continued in effect upon the enactment of the Internal Revenue Code of 1954 pursuant to the provisions of section 7851(b)(3) of such Code, is hereby amended to include any additional or revised functions created or authorized by the Internal Revenue Code of 1954 which are essential to the performance of, or are directly related to, any function included in such delegation or redelegation of authority. Each delegation or redelegation of authority so amended shall be subject to amendment, modification, or revocation to the same extent, and in the same manner, as authorized immediately preceding this amendment by this order. 2. The preceding paragraph shall not be construed as delegating to any officer or employee of the Internal Revenue Service any function existing under the Internal Revenue Code of 1954 which corresponds to any function which existed under the Internal Revenue Code of 1939 and which immediately preceding the enactment of the Internal Revenue Code of 1954 had not been delegated by the Secretary.↩
12. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Revenue Reconciliation Act of 1989, Pub.L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400 applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩